## HENRY MORRILL *v.* THE STATE.

1. ADULTERY — EVIDENCE. — In a prosecution of the paramour for adultery,. the husband of the woman with whom he is charged to have cohabited is· a competent witness.

2. SAME. — The husband or the wife is incompetent to testify against each other, except in a prosecution for an offence committed by the one against the other. But, *quære:* whether the adultery of the wife is not such an offence against the husband as qualifies him to testify against her in a. criminal prosecution therefor.

3. SAME — HEARSAY. — It was error to permit the husband to swear that his· wife's sister told him his wife cohabited with the accused.

4. SAME. — The common-law rules of evidence in criminal cases have been changed by the Code of this State so far only as' they conflict with its pro-- visions.

5. SAME — PARTICEPS CRIMINIS. — A party who was jointly indicted with the· defendant on trial, but the indictment against whom has been dismissed, is a competent witness for the defence as well as the prosecution.

6. ADULTERY. — A single or occasional act of criminal intercourse, without. having cohabited, is not adultery within the meaning of the statute. A "living together in adultery" is essential; and this is a question of fact. for the jury, which they may determine from the evidence in the case.

APPEAL from the County Court of Trinity. Tried below before the Hon. J. E. B. LAIRD, County Judge.

The opinion discloses the material facts. All the parties. were negroes.

No brief for the appellant.

*W. B. Dunham,* Assistant Attorney-General, for the State.

ECTOR, P. J. The information in this case charges that Henry Morrill, the appellant, and Easter Beavers did live together in adultery, the said Easter Beavers then being the wife of Henry Beavers.

A severance was granted in the court below, on the application of appellant, for the purpose of his getting the testi-

mony of his co-defendant in his behalf. Easter Beavers was then placed on trial. The county attorney introduced Henry Beavers, the husband of Easter Beavers, as a witness for the State. Defendant, by her counsel, objected to the said Henry Beavers testifying in the case on the part of the State, because he was the husband of the defendant, and this not being a criminal prosecution for any personal offence committed by the said defendant against the witness. The court sustained the objection, and refused to permit the witness to testify against his wife; whereupon the county attorney dismissed the prosecution as to her, for the want of sufficient evidence to convict her; after which the appellant was tried and convicted. Henry Beavers was the only witness examined on the part of the prosecution. The appellant objected to his stating anything in his testimony going to show the criminality of his wife. We think the court properly overruled the objection.

Easter Beavers was not on trial; and even if she had been, we are not prepared to say that her husband would not be a competent witness against her in a criminal prosecution for the offence.

The Code of Criminal Procedure provides that neither the husband nor wife can in any case testify against each other, except in a criminal prosecution for an offence committed by one against the other. Pasc. Dig., art. 3113. But decisions may be found which hold that the adultery of the wife, in such sense, is a crime committed against the husband, so as to render him a competent witness against her in a criminal prosecution for the offence. *The State* v. *Bennett*, 31 Iowa, 24.

After the State had closed its testimony, appellant introduced said Easter Beavers as a witness for the defence. The county attorney interposed a number of objections as to why she should not be permitted to testify as a witness in the cause, which objections were sustained by the court.

In this ruling the court committed an error for which the judgment must be reversed. One of the objections is that she, being a *particeps criminis* with the defendant, and never having been tried and acquitted, was not a competent witness for the defence.

It is a settled rule that at common law a *particeps criminis,* notwithstanding the turpitude of his conduct, is not on that account an incompetent witness, so long as he remains not convicted and sentenced for an infamous crime. But the degree of credit which ought to be given to the testimony of an accomplice is a matter exclusively within the province of the jury. 1 Greenl. on Ev., secs. 379, 380; Roscoe's Cr. Ev. 120; *The State* v. *Crowley,* 13 Ala. 172.

The common-law rules of evidence have been changed by statute in this State only so far as they conflict with its provisions. Article 1826 of Paschal's Digest is as follows: " Persons charged as principals, accomplices, or accessaries, whether in the same indictment or by different indictments, cannot be introduced as witnesses for one another; but they may claim a severance, and, if one or more be acquitted, they may testify in behalf of the others."

" Art. 3053. The district attorney may at any time dismiss a prosecution as to one or more defendants jointly indicted with the others; and the person so indicted may be introduced as a witness by either party." *Myers* v. *The State,* 3 Texas Ct. App. 8; *Tilley* v. *The State,* 21 Texas, 201.

The court committed an error in permitting the witness Henry Beavers, in giving his testimony to the jury, to state that his wife's little sister told him that Easter Beavers and the appellant had been sleeping together after she left her husband.

The only other question we propose to notice in this opinion relates to one of the instructions contained in the

charge of the court to the jury, and which is as follows, to wit :

" If the jury believe from the evidence that the defendant had carnal knowledge of Easter Beavers more than one time, and one of them being married, then the defendant is guilty of adultery ; and you will so say by your verdict, and find as above set forth."

Our statute uses the terms, " who shall live together in adultery." The living together in this condition is a question of fact for the jury, which they may determine from all the evidence in the case. It is clear to our minds that the statute does not intend to punish a single or occasional acts of criminal intercourse. The portion of the charge of the court under consideration does not assert a correct legal proposition, and invaded the province of the jury, on whom was the duty of drawing the legitimate inference from the facts embodied in the charge. *Parks* v. *The State*, 4 Texas Ct. App. 134.

The judgment of the County Court is reversed and the cause remanded.

*Reversed and remanded.*