[In Bank. — October 26, 1883.

## THE PEOPLE, RESPONDENT, *v.* JOSEPH LANGTREE, APPELLANT.

CRIMINAL LAW — BURGLARY — EVIDENCE — HUSBAND AND WIFE. — Where two persons are charged by separate informations with the same offense, the wife of the one not on trial is a competent witness for the other touching matters implicating her husband. The incompetency of a wife to testify for or against her husband in a criminal case is limited to cases in which one or both are parties.

ID. — CREDIBILITY OF WITNESS. — A party charged in a separate information with the same offense for which the defendant was on trial became a witness for the prosecution. He was asked if he did not expect leniency when his own case came on for trial for having testified for the prosecution, to which he made evasive replies. The court, instead of compelling direct answers, sustained an objection to the question. *Held*, error.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, from an order refusing a new trial, from an order denying a motion in arrest of judgment, from an order refusing to set aside the information, and from an order refusing to sustain a demurrer.

The defendant and one Brandon were charged, by separate

informations, with the same offense—burglary. The wife of Brandon was called as a witness for defendant and the testimony sought to be established by her tended to implicate her husband and establish the innocence of the defendant, but the court would not permit her to testify to any matters implicating her husband in the crime. The remaining facts are set forth in the opinion of the court.

*Davis Louderback*, for Appellant.

*Attorney-General Marshall*, for Respondent.

SHARPSTEIN, J.—It does not appear that Mrs. Brandon, who was called as a witness by the defendant, objected to testifying to all that she knew in regard to the burglary for which he was on trial. Nor does it appear that her husband objected to her testifying. His counsel, Mr. Carson, stated that, from the commencement of the trial, he had interposed no objection whatever. On being informed by the court that at that stage he had a right to interfere, if he so elected, Mr. Carson replied: "I would much prefer not to have Mrs. Brandon examined." She was a competent witness, and the only question which could possibly arise was whether she could be compelled to testify to any fact which might implicate her husband in the offense with which the defendant was charged. And such evidently was the opinion of the court, which held that the witness might "be examined on any matters touching the case" except those "relating to her husband"; but would "not permit her to testify as to any matters in which her husband was implicated in the crime for which the defendant was on trial." It is of this that the defendant complains. There was a separate information pending in the court, in which the husband of the witness was charged with the same burglary for which the defendant was on trial. But said husband was not in any sense a party to the action or proceeding in which his wife was called as a witness. If he had been, his wife could not have been a witness for or against him, unless both he and she consented thereto. (Penal Code, § 1322, Code Civ. Proc. § 1881.) And it is claimed by the attorney-general, "that although the husband of the witness was not a party to the proceedings then before the court, the

fact that he was under information for the same offense, made his connection with those proceedings such that the testimony of his wife, implicating him in the crime, would have been a breach of confidence repugnant to the policy and intention of the law and a manifest violation of its meaning." In support of this he cites section 1881, Code Civil Procedure, which reads as follows: "A husband cannot be examined for or against his wife, without her consent; nor a wife for or against her husband without his consent; nor can either, during the marriage or afterwards, be without the consent of the other examined as to any communication made by one to the other during the marriage, but this exception does not apply to a civil action or proceeding by one against the other, nor to a criminal action or proceeding for a crime committed by one against the other."

This is the provision of the Code upon the subject, and it must prevail: "All statutes, laws, and rules heretofore in force in this State, whether consistent or not with the provisions of this Code, unless expressly continued in force by it, are repealed and abrogated." (Code Civ. Proc. § 18.)

"A wife cannot be examined, for or against her husband, without his consent." But when may she be said to be examined *for or against* him? If examined in an action or proceeding to which he was a party, she would undoubtedly be examined for or against him. Any witness examined in an action or proceeding is examined for one party and against the other therein. No witness is said to be examined for or against any one not a party to the action or proceeding in which such witness is called to testify. And the testimony of a witness is not evidence for or against any one not a party to the action or proceeding in which such testimony is given. If the husband of this witness had been a party to the action on trial she could not have been examined at all without his consent. She could not then have been examined in regard to any matters whatever, because if relevant her testimony would be, in some degree, for or against him. Not being a party to the action her testimony could not be used for or against him.

Thus far we have considered the provision of the Code of Civil Procedure as if it were the only one relating to the subject. But it is not. There is a provision of the Penal Code

on the same subject. It is as follows: "Except with the consent of both, or in case of criminal violence upon one by the other, neither husband nor wife is a competent witness *for* or *against* the other in a criminal action or proceeding to which one or both are parties." (Penal Code, § 1322.) This is the latest enactment on the subject, and relates exclusively to criminal actions or proceedings. It limits the incompetency of a husband or wife to testify in criminal actions or proceedings for or against each other to cases in which one or both are parties. By section 1102, Penal Code, the rules of evidence in civil actions are made applicable also to criminal actions, except as otherwise provided in said Penal Code. Therefore if there be any repugnancy between the provisions of the two Codes on this subject that of the Penal Code must prevail. We think upon a fair construction both mean the same thing, although the Penal Code is more explicit than the other.

On this as on nearly every other subject to which the Codes relate, they are simply declaratory of what the law would be if there were no Codes. (*State* v. *Bridgman*, 49 Vt. 206; *Comm.* v. *Reid*, 8 Phila. 385; *Same* v. *Patterson*, 8 Phila. 609; *State* v. *Briggs*, 9 R. I. 361; *Royal Ins. Co.* v. *Noble*, 5 Abb. Pr. Rep. 55; *Rex* v. *Inhabitants etc.* 6 Maule & S. 194; *Same* v. *Inhabitants of Llangunnor*, 2 Barn. & Adol. 616; *Regina* v. *Halliday*, 8 Cox C. C. 298; *Henman* v. *Dickinson*, 5 Bing. 184; *Regina* v. *Williams*, 8 Car. & P. 286; *Higbee* v. *McMillan*, 18 Kan. 136; 1 Greenleaf Ev. 342; Roscoe's Cr. Ev. 148; 1 Wharton Ev. 425; Wharton's Cr. Ev. 396, 402; Schouler on Husband and Wife, 85.)

"On the whole," says Schouler, "the prevailing tendency of late years in both England and America is to regard the domestic confidence or the ties of a spouse as of little consequence compared with the public convenience of extending the means of ascertaining the truth in all cases; such facilities being increased, it is believed, by hearing what each one has to say, and then making due allowance for circumstances affecting each one's credibility." (Schouler on Husband and Wife, 85.)

On the cross-examination of Patrick Brandon, who as before stated was charged in a separate information with the same burglary for which the defendant was on trial, the counsel for

defendant endeavored by appropriate questions to elicit from the witness whether he expected in consequence of his becoming a witness for the prosecution, that he would be favored or more leniently dealt by when his own case should come up. To several questions of this character his answers were evasive. The court seeing this, should have compelled the witness to give a direct answer. Instead of doing so, however, the court sustained an objection of the prosecution to a question put by the defendant's counsel to the witness as to his expectations. These are the only material errors which the record discloses.

Judgment and order reversed and cause remanded for a new trial.

McKINSTRY, J., THORNTON, J., MYRICK, J., McKEE, J., and ROSS, J., concurred.