Lord v. State.

ceedings may be had in the case as are provided for by law.

WRIT ALLOWED.

THE other judges concur.

---

URIAH W. LORD, PLAINTIFF IN ERROR, V. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Adultery**: INDICTMENT. An indictment under Sec. 208 of the criminal code, against a husband for deserting his wife and living and cohabiting with another woman in a state of adultery must allege the offense substantially as in the statute.

2. ——— : WIFE COMPETENT WITNESS. Under a statute permitting a husband or wife to testify in a criminal proceeding for a crime committed by one against another, *Held*, That on the trial of a husband on an indictment for adultery, the wife was a competent witness against him.

3. **Marriage, How Proved.** Marriage may be proved by an eyewitness, and if followed by cohabitation its validity will be presumed.

ERROR to the district court for Brown county. Tried below before TIFFANY, J.

*D. A. Holmes* and *J. F. Burns*, for plaintiff in error.

*William Leese, Attorney General,* for the State.

MAXWELL, J.

The plaintiff in error was convicted of adultery in the district court of Brown county, and sentenced to imprisonment in the county jail for the term of one year, and to pay a fine of $200, and costs. But two errors are relied upon in the plaintiff's brief: *First*, That the indictment is in-

sufficient: *Second*, That the court erred in permitting the wife of the plaintiff in error to testify against him. The following is a copy of the indictment:

"THE STATE OF NEBRASKA, } 
  BROWN COUNTY. }

"Of the November term of the district court of the ninth judicial district of the state of Nebraska, within and for Brown county in said state, in the year of our Lord one thousand eight hundred and eighty-three, the grand jurors chosen, selected, and sworn in and for the county of Brown, in the name and by the authority of the state of Nebraska, upon their oaths present: That Uriah W. Lord, late of the county aforesaid, on the first day of April, in the year of our Lord one thousand eight hundred and eighty-three, in the county of Brown and state of Nebraska aforesaid, the said Uriah W. Lord, being then and there a married man, to-wit, being then and there married to one Hannah Lord, on the said first day of April, in the year aforesaid, and from said day continually, until the 28th day of November, A.D. 1883, in the county of Brown aforesaid, did unlawfully live and cohabit in a state of adultery with one Celia Amit, a female woman."

Sec. 208 of the criminal code provides that "If any married man shall hereafter commit adultery, or desert his wife and live and cohabit with another woman in a state of adultery, or if any married man living with his wife shall keep any other woman and wantonly cohabit with her in a state of adultery, * * * every person so offending shall be fined in any sum not exceeding two hundred dollars, and be imprisoned in the jail of the county not exceeding one year."

It will be seen that the statute provides for three classes of cases: *First*, Where a married man commits adultery; *Second*, If he desert his wife and live and cohabit with another woman in a state of adultery; *Third*, If, living with his wife, he shall keep any other woman

and wantonly cohabit with her in a state of adultery. This section is copied from the criminal code of Ohio, and the second and third provisions as numbered above seem to have been passed by the legislature of that state in 1831. Warren's Cr. Law, 607. Wharton's Cr. Law, § 2646. The indictment in this case is an attempt to charge an offense in the second class, viz., a married man deserting his wife and living in a state of adultery with another woman. To do this, the charge should be in substance, that the plaintiff, being then and there married to [*name of wife*], did then and there desert his wife, and thence continually, for a space of time, did live and cohabit with another woman [*naming her*] in a state of adultery, and that during such time the accused was a married man, and the person with whom he lived and cohabited was not his wife. A good form of indictment under this provision of the statute is found in Warren's Cr. Law, 615–616. The statute makes the desertion of the wife a part of the offense, and it should be charged. While it is the duty of the court to give words their ordinary meaning, and—where the language of the statute is not used in charging the offense, but other words meaning the same thing—to sustain an indictment, yet there must be a distinct charge of an offense declared to be such by statute, and the court cannot supply by intendment material facts left out of the indictment. As the indictment is defective in some of these particulars, the motion to quash it should have been sustained.

2. Section 331 of the civil code provides that, "The husband can in no case be a witness against the wife, nor the wife against the husband, except in a criminal proceeding for a crime committed by the one against the other; but they may in all criminal prosecutions be witnesses for each other." At common law a wife could not be a witness against her husband. And there is a direct conflict in the authorities under statutes similar to ours, as to her right to be a witness in a criminal proceeding for a crime committed

by her husband against her.    This is the first time the
question has been presented in this court, and it is there-
fore necessary to ascertain the intention of the legislature
in passing the section above referred to, and give force to
that intention.    The statute makes it an offense for a hus-
band to desert his wife and live and cohabit with another
woman.    If the husband is prosecuted for the offense, the
· prosecution certainly would be a criminal proceeding for a
crime committed against the wife.  The word " crime" is fre-
quently used to designate gross violations of law in contra-
distinction to misdemeanors; but in its broad sense it means
· any violation of law.  Webster's Dictionary, 312–313.  And
in our view, it was intended by the legislature to include the
offense here charged ; and the ends of justice will be best
subserved by permitting the wife to testify.    This is the
rule adopted in Iowa under a similar statute.  *State v.
Bennett*, 31 Iowa, 24.   *State v. Sloan*, 55 Id., 219.   *State v.
Hazen*, 39 Id., 648.   In Texas also:  *Morrill v. State*, 5
Tex. Ct. App., 447.   *Roland v. State*, 9 Id., 277.

A third question arises out of the second, viz., the mode
of proving the marriage.   At common law, in trials for
polygamy, adultery, and criminal conversation, proof of
marriage must be made by direct evidence or its equiva-
lent.    2 Greenleaf Ev., § 461.    1 Phillips on Ev. (4th
Am. Ed.), 631–632.   But even at common law, proof of a
marriage having been celebrated by a person who was pres-
ent was sufficient.    1 Phillips on Ev., 632.   *Hemmings v.
Smith*, 4 Doug., 33.   Any person who was present when
the marriage took place, is a competent witness to prove
the marriage; and it is enough that he is able to state that
the marriage was celebrated according to the usual form,
and he need not be able to state the words used.   *Fleming
v. The People*, 27 N. Y., 329.   In this state no proof of
the official character of the person performing the ceremony
is necessary ; and his certificate, or a copy of the record,
duly certified, will be received in all courts and places as

34

presumptive evidence of marriage.    In the absence of evidence to the contrary, the statute of Pennsylvania will be presumed to be like our own.    *Moses v. Comstock,* 4 Neb., 519.    Story's Conf. of Laws, § 637.    The marriage was abundantly proved, and was followed by the parties living together as husband and wife for more than twelve years. They evidently regarded it as a valid marriage, and such, we have no doubt from the evidence before us, it was.    For the sole reason that the indictment was insufficient, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.