## STATE V. BURT.

Comp, Laws Dak. § 5260, providing that a wife cannot be examined for or against her husband, without his consent, except in a criminal action or proceeding for a crime committed by him against her, limits the wife's right to testify against her husband in a criminal proceeding, without his consent, to crimes involving personal violence by the husband against the wife, and do not authorize her to testify against her husband, over his objection, in a prosecution for incest.

(Opinion filed April 7, 1903.)

Error to circuit court, Brown county. Hon. JAMES H. McCOY, Judge.

Willis H. Burt was convicted of incest, and he brings error.    Reversed.

*E. T. Taubman* and *L. W. Crofoot*, for plaintiff in error.

*A. W. Burtt*, Atty. Gen., and *John H. Perry*, State's Atty., for the State.

HANEY, P. J.    The defendant was convicted of incest with his daughter, and sentenced to imprisonment for the term of 10 years.    It is contended that the judgment of the circuit court should be reversed because defendant's wife was examined as a witness on behalf of the state, without the defendant's consent, and against his objection.    As the wife's testimony was decidedly damaging to the defendant, and proper and

timely objections were interposed; a reversal is unavoidable if she was not a competent witness against her husband without his consent. The statutes of this state contain the following provisions: "No person offered as a witness in any action or special proceeding, in any court, or before any officer or person having authority to examine witnesses, or hear evidence, shall be excluded or excused, by reason of such person's interest in the event of the action or special proceeding; or because such person is a party thereto; or because such person is a husband or wife of a party thereto, or of any person in whose behalf such action or special proceeding is brought, prosecuted, opposed or defended, except as hereinafter provided: (1) A husband cannot be examined for or against his wife without her consent; nor a wife for or against her husband without his consent; nor can either, during the marriage, or afterward, be, without the consent of the other, examined as to any communication made by one to the other during the marriage; but this subdivision does not apply to a civil action or proceeding by one against the other, nor to a criminal action or proceeding Laws for a crime committed by one against the other." Comp. Dak 1887, § 5260. Under this statute a wife cannot be examined for or against her husband without his consent, except in "a criminal action or proceeding for a crime committed by one against the other." What, then, is "a crime committed by one against the other," within the meaning of this statute? The language employed is unfortunately indefinite and uncertain, and has caused the courts no little difficulty in ascertaining the legislative intent. The general rule of the statute is that neither husband nor wife can testify for or against the other without the other's consent. Certain criminal actions are ex-

cepted. Clearly, all criminal actions are not excepted. It is only in an action for a crime committed by her husband against herself that the wife is a competent witness without his consent. Is incest such a crime? The same language is found in the statutes of Iowa and Nebraska, and the courts in those states hold that the wife is a competent witness against her husband in actions wherein he is charged with adultery, bigamy, or incest. State v. Sloan, 55 Iowa, 217, 7 N. W. 516; State v. Chambers, 87, Iowa, 1, 53 N. W. 1090, 43 Am. St. Rep. 349; Lord v. State, 17 Neb. 526, 23 N. W. 507; Owens v. State, 32 Neb. 167, 49 N. W. 226. It was a well-known rule of the common law that neither husband nor wife was a competent witness in a criminal action against the other, except in cases of personal violence the one upon the other, in which the necessities of justice compelled a relaxation of the rule. Bassett v. United States, 137 U. S. 496, 11 Sup. Ct. 165, 34 L. Ed. 762. Under a statute allowing the wife to testify against her husband without his consent only in "a criminal action or proceeding for a crime committed by one against the other," it is held in Minnesota that the exception was inserted simply to save those cases where at common law the wife could be a witness against her husband, and not to introduce any new rule or extend the old one. State v. Armstrong, 4 Minn. 335 (Gil. 251). In Texas a statute providing that "the husband and wife may in all criminal actions be witnesses for each other, but they shall in no case testify against each other except in a criminal prosecution for an offense committed by one against the other," has been construed to mean some act of personal violence by the one against the other; and in a case of incest, where the defendant's wife was permitted to testify

against him, the judgment was reversed for the reason that she was not a competent witness. Baxter v. State (Tex. Cr. App.) 31 S. W. 394, 52 Am. St. Rep. 720. Section 1881 of the California Code of Civil Procedure is identically the same as the statute of this state, heretofore quoted, so far as it relates to the examination of either the husband or wife without the other's consent. Section 1322 of the California Penal Code contains the following: "Except with the consent of both, or in cases of criminal violence upon one by the other, neither husband nor wife is a competent witness for or against the other in a criminal action or proceeding to which one or both are parties." "We think," says the Supreme Court of that state, "upon a fair construction both mean the same thing, although the Penal Code is more explicit than the other." People v. Langtree, 64 Cal. 256, 30 Pac. 813. These sections of the California Codes are identical with those of Utah which were construed by the United States Supreme Court in Bassett v. United States, supra, wherein that learned court followed the Supreme Court of California, holding that both sections meant the same thing; that they were merely declaratory of the common law; and that they did not permit a wife to testify against her husband, without his consent, in cases of polygamy or adultery. In that case Mr. Justice BREWER, speaking for the court, after stating the common-law rule, and alluding to the decisions in Iowa, Nebraska, Minnesota, and Texas, uses the following language: "We conclude, therefore, that the section quoted from the Code of Civil Procedure, if applicable to a criminal case, should not be adjudged as working a departure from the old and established rule, unless its language imperatively demands such construction. Does it?

The clause in the Civil Code is negative, and declares that the exception of the incompetency of wife or husband as a witness against the other does not apply to a criminal action or proceeding for a crime committed by one against the other. Is polygamy such a crime against the wife? That it is no wrong upon her person is conceded, and the common-law exception to the silence upon the lips of husband and wife was only broken, as we have noticed, in cases of assault of one upon the other. That it is humiliation and outrage to her is evident. If that is the test, what limit is imposed? Is the wife not humiliated, is not her respect and love for her husband outraged and betrayed, when he forgets his integrity as a man, and violates any human or divine enactment? Is she less sensitive, is she less humiliated, when he commits murder, or robbery, or forgery, than when he commits polygamy or adultery? A true wife feels keenly any wrong of her husband, and her loyalty and reverence are wounded and humiliated by such conduct. But the question presented by this statute is not how much she feels or suffers, but whether the crime is one against her. Polygamy and adultery may be crimes which involve disloyalty to the marital relation, but they are rather crimes against such relation than against the wife; and, as the statute speaks of crimes against her, it is simply an affirmation of the old, familiar, and just common-law rule. We conclude, therefore, that under this statute the wife was an incompetent witness as against her husband." Further citation of authorities is unnecessary to show that the language of our statute has been employed in numerous states, and that there is irreconcilable conflict regarding its proper construction in cases of adultery, bigamy, and incest. After thoughtful con-

sideration, realizing the importance of the question here pre
sented to this court for the first time, we cannot avoid the
conclusion that the Legislature intended to exclude the wife's
testimony in this class of cases when its introduction is not
consented to by her husband. As heretofore suggested, the
general rule relating to the examination of married persons
excludes the testimony of each without the consent of the
other. The competency of either in the absence of consent is
the exception. He who relies upon an exception must show
himself to be clearly within its provisions. Under the statute
the wife can testify without consent only in a criminal ac-
tion or proceeding for a crime committed by the husband
against herself. An assault and battery by the husband upon
the wife would certainly fall within the exception. An assault
and battery upon a third person would as certainly not fall
within the exception. In cases of rape the crime is committed
against the outraged female. In cases of adultery and kin-
dred offenses, the unlawful intercourse being voluntary, both
parties are at fault, and it cannot be said that the crime is
committed against any particular person. With reference to
this statute the husband's crimes might be classified thus: (1)
Those which are against persons other than his wife; (2)
those which are against no particular person; and (3) those
which are against his wife. It is only in actions for crimes
belonging to the last-mentioned class that the wife can testify
for or against her husband without his consent. Had the de-
fendant, in the case at bar, been a widower when the acts
were done for which he is being punished, his crime would
have been the same. The existence of the marital relation
between the witness and the defendant did not, in any legal

sense, affect or constitute any element of the crime for which he was convicted. Should we hold that the crime charged in this action was one against the wife, it would logically follow that the rape or murder of defendant's daughter would have been a crime against her within the meaning of the statute. To hold that a wife may testify for or against her husband, without his consent, in cases of incest, would be, in effect, to establish the rule that either husband or wife may testify for or against the other, without consent, in all actions wherein either is defendant; and such was manifestly not the legislative intent. With the policy of this statutory rule the courts are not concerned. If the law should be changed, the duty of changing it devolves upon the Legislature, not upon this court. As all the wife's testimony should have been excluded because she was not a competent witness, assignments of error relating to particular portions of it need not be considered.

The judgment of the circuit court is reversed, and a new trial ordered.