[No. 6325. Decided November 24, 1906.]

THE STATE OF WASHINGTON, *Respondent*, v. J. B. KNIFFEN, *Appellant.*[1]

BIGAMY—WITNESSES—COMPETENCY OF FIRST WIFE. Bigamy is not an offense committed by one spouse against another; hence the first wife is not a competent witness in a prosecution against the husband, under Bal. Code, § 5994 disqualifying a wife except in prosecutions for a crime committed by one spouse against another.

EVIDENCE—CERTIFIED COPIES FROM FOREIGN STATE—CERTIFICATE—SUFFICIENCY. The copy of the record of a marriage certificate of another state, not appertaining to any court, the record appearing to be the public record of a county, must be certified as required by U. S. Rev. Stat., § 906, to be admissible in evidence, and a certificate by a deputy clerk of such county to the effect that it was a true copy of the record in his office, under the seal of the county, is insufficient.

BIGAMY—DEFENSES—INVALIDITY OF FORMER MARRIAGE—BURDEN OF PROOF. In a prosecution for bigamy, the burden of proof is upon the defendant to show that the former marriage, proven by the state, was invalid by reason of the incompetence of the wife to enter into the relation.

Appeal from a judgment of the superior court for Klickitat county, McCredie, J., entered January 18, 1906, upon a trial and conviction of the crime of bigamy. Reversed.

*W. B. Presby*, for appellant.

*E. C. Ward*, for respondent.

MOUNT, C. J.—The appellant was convicted of the crime of bigamy. He alleges on this appeal that the court erred in permitting Nellie Kniffen, the alleged first wife of the appellant, to testify as a witness on the part of the state over his objection. The question is, whether the first wife, under the statute, is a competent witness against the accused

[1]Reported in 87 Pac. 837.

on trial for the crime of bigamy. The statute reads as follows:

"The following persons shall not be examined as witnesses: (1) A husband shall not be examined for or against his wife without the consent of the wife, nor a wife for or against her husband without the consent of the husband; nor shall either, during marriage or afterwards, without the consent of the other, be examined as to any communication made by one to the other during marriage. But this exception shall not apply to a civil action or proceeding by one against the other, nor to a criminal action or proceeding for a crime committed by one against the other." Bal. Code, § 5994 (P. C. § 940).

It has been held, under similar statutes, in Iowa and Nebraska, that bigamy is a crime committed by one spouse against the other, and that therefore one was a competent witness against the other. *Lord v. State*, 17 Neb. 526, 23 N. W. 507; *Hills v. State*, 61 Neb. 589, 85 N. W. 836, 57 L. R. A. 155; *State v. Bennett*, 31 Iowa 24; *State v. Hazen*, 39 Iowa 648; *State v. Sloan*, 55 Iowa 217, 7 N. W. 516.

On the other hand, it has been held in Minnesota, Texas, Michigan, California, South Dakota, and by the supreme court of the United States, that such crimes are not committed by one spouse against the other, and therefore one spouse is incompetent as a witness against the other, under such statutes. *Bassett v. United States*, 137 U. S. 496, 11 Sup. Ct. 165, 34 L. Ed. 762; *State v. Burt*, 17 S. D. 7, 94 N. W. 409; *People v. Langtree*, 64 Cal. 256, 30 Pac. 813; *People v. Quanstrom*, 93 Mich. 254, 53 N. W. 165, 17 L. R. A. 723; *Overton v. The State*, 43 Tex. 617; *Compton v. State*, 13 Tex. App. 271, 44 Am. Rep. 703; *State v. Armstrong*, 4 Minn. 335.

In *Bassett v. United States, supra*, the supreme court of the United States considered the cases cited above from Minnesota, Texas, Iowa, and Nebraska, and concluded that a statute similar to our own was but an affirmation of the com-

mon law rule, and that polygamy was a crime against the marriage relation, and not one committed by one spouse against the other. While much may be said in favor of the position that bigamy, adultery, and kindred crimes are committed by one spouse against the other, yet the weight of authority seems to be opposed to that rule. 30 Am. & Eng. Ency. Law (2d ed.), p. 956. We therefore feel bound to hold that in this case the court erred in permitting the first wife to testify against her accused husband.

Upon the trial the court received in evidence a marriage license and certificate of marriage from the state of Michigan, purporting to be a copy of the records of Bay county, Michigan, showing the marriage of Bert Kniffen and Mrs. Nellie Nickelson. This evidence was received over the objection of appellant that it was not competent because it was not certified as required by law. The certificate is as follows:

"State of Michigan, County of Bay, ss.
"I, H. Duffer, deputy clerk of said county of Bay, and clerk of the circuit court of said county, do hereby certify that I have compared the foregoing copy of the original record of marriage license and certificate of marriage with the original record thereof now remaining in my office, and that it is a true and correct transcript thereof and of said original record.
"In testimony whereof I have hereunto set my hand and affixed the seal of said county this second day of May, 1905.
"(Seal)            H. Duffer, Depty. Clerk."

The license and marriage certificate do not appear to be the record or proceeding of any court of the state of Michigan which, under Bal. Code, § 6040 (P. C. § 1013), may be authenticated by the clerk "or other officer having charge of the records of such court, with the seal of such court annexed." They appear to be a public record of Bay county, Michigan, not appertaining to a court, and must therefore be certified as required by § 906 of the Revised Statutes of the United States. *James v. James*, 35 Wash. 650, 77 Pac.

1080. It is true ·the officer making the certificate says therein
that he is clerk of the circuit court of Bay county, Michigan.
But he does not certify in that capacity, nor is the seal of such
court annexed. He certifies as deputy clerk of Bay county,
and attaches the seal of that county. The court therefore
erred in receiving the evidence.

It is next argued that the court erred in refusing certain
questions on cross-examination of the witness Nellie Kniffen.
We have held above that this witness was disqualified to testify
against her husband. It is therefore unnecessary to consider
this assignment, because she cannot be permitted to testify
on another trial.

The court instructed the jury in substance that, if they
found that the accused and his first wife were married ac-
cording to the laws of Michigan, it was not necessary for
the prosecution to go farther and show that the wife was
competent to enter into the marriage relation, and that there
were no impediments to the marriage; that such facts would
be presumed in the absence of proof to· the contrary, and
that the burden of ˙showing the illegality of the marriage,
or that the same was void, rested upon the accused. Appel-
lant contends that these instructions were erroneous. In this
class of cases the rule seems to be that the defendant must
show all matters of confession and avoidance. 4 Am. & Eng.
Ency., Law (2d ed), p. 45. The rule is stated in 5 Cyc.,
at page 700, as follows:

"The prosecution must prove a valid first marriage con-
tracted by defendant and that the lawful spouse of defendant
was living at the time the second marriage was contracted by
him. Where the defense is that the first spouse was at the
time of his or her marriage to defendant incapacitated to
marry, because he or she was at that time a party to a valid
marriage then subsisting, that marriage must be proved by
defendant. The burden of proof also rests on him in all
cases where he relies upon any statutory exception, or to
rebut any presumption of the existence of the former spouse

at the time of the second marriage, where such presumption has been raised by the evidence of the prosecution."

See authorities there cited. *Hoch v. People,* 219 Ill. 265, 76 N. E. 356. We think the instructions complained of were not erroneous.

For the errors above stated, the judgment is reversed and the cause remanded for a new trial.

CROW, RUDKIN, FULLERTON, and HADLEY, JJ., concur.