[No. 9069. Department Two. October 28, 1910.]

THE STATE OF WASHINGTON, *Respondent*, v. ANTON BELTNER, *Appellant*.[1]

WITNESSES—COMPETENCY—HUSBAND AND WIFE—INCEST. The wife is not a competent witness against the husband in a prosecution for incest, under Rem. & Bal. Code, § 1214, providing that a wife shall not be competent to testify against the husband without his consent, except in a prosecution for a crime committed against her.

Appeal from a judgment of the superior court for Pierce county, Easterday, J., entered June 21, 1910, upon a trial and conviction of incest. Reversed.

[1]Reported in 111 Pac. 344.

*Chas. S. Lyons*, for appellant.

*J. L. McMurray, A. O. Burmeister*, and *F. G. Remann*, for respondent.

PER CURIAM.—Appellant was tried and convicted of the crime of incest. His wife was sworn as a witness and testified against him. Exceptions were taken, and from a verdict of guilty, this appeal is prosecuted. This appeal is controlled by the following decisions of this court: *State v. Kephart*, 56 Wash. 561, 106 Pac. 165; *State v. Kniffen*, 44 Wash. 485, 87 Pac. 837, 120 Am. St. 1009, as well as the statute (Rem. & Bal. Code, § 1214).

It is contended, however, that *Lord Audley's Case*, 3 State Trials, 402, points an exception to the rule, and that where it appears that the testimony cannot otherwise be had, the testimony of the wife is competent upon the ground of necessity. But we do not read the case in that way. The facts show that the testimony of the wife was received because she was the victim of personal violence, bringing the case in harmony with the terms of our statute, which is but declaratory of the rule and exception noted by Lord Mansfield, that the necessity must be not a general necessity but a particular necessity, as where, for instance, the wife would be otherwise exposed without remedy to personal injury.

The judgment of the lower court is reversed, and a new trial ordered.