[Criminal No. 356.   Filed June 12, 1914.]

[141 Pac. 710.]

## ANDY ZUMWALT, Appellant, v. STATE, Respondent.

1. CRIMINAL LAW—COMPLAINT—OBJECTIONS—TIME TO MAKE.—An objection to a complaint on the ground that it was sworn to by the wife of accused, prohibited by Penal Code of 1901, section 1111, from testifying against accused, without his consent, must be made at the preliminary examination, and thereby afford the magistrate an opportunity to correct the mistake, and the objection cannot be made for the first time in the superior court on arraignment.

2. RAPE—EVIDENCE—ADMISSIBILITY.—On a trial for rape, accused could not complain because, on the cross-examination of prosecutrix, he was not permitted to inquire who had instructed her as to the name of certain parts of the human body.

3. WITNESSES—COMPETENCY—HUSBAND AND WIFE.—Under Penal Code of 1913, section 1228, authorizing a wife, at her own request, but not otherwise, to testify for or against her husband on a trial for rape and other enumerated offenses, she is given the privilege to testify, and the husband cannot invoke the disqualification of the wife and prevent her from testifying.

   [As to competency of husband or wife to testify for or against each other in criminal prosecutions, see notes in 27 Am. Dec. 377; 106 Am. St. Rep. 763; Ann Cas. 1912D, 1121.]

4. WITNESSES—EXAMINATION AS TO COMPETENCY—CONDUCT OF PROSECUTING ATTORNEY.—Where it is known or discovered that a witness is the wife of accused, on trial for rape, the court should restrict the county attorney to the simple inquiry as to whether she wishes to testify, and it is improper to permit the county attorney to ask her if she knows what the case is about and elicit testimony on the merits before asking her whether she wishes to testify.

5. CRIMINAL LAW—TRIAL—ARGUMENT OF PROSECUTING ATTORNEY.—The county attorney, in his argument to the jury on a trial for rape, ought not to make adverse comment on the refusal of the wife of accused to testify, for the privilege of testifying is hers alone.

6. CRIMINAL LAW—ARGUMENT OF COUNSEL—OBJECTIONS.—Accused, objecting to the argument of the county attorney to the jury, should preserve in the record the argument, so that the court on appeal may determine whether it is prejudicial to accused.

APPEAL from a judgment of the Superior Court of the County of Maricopa.   J. C. Phillips, Judge.   Affirmed.

The facts are stated in the opinion.

Mr. H. W. Clark, for Appellant.

Mr. Leslie C. Hardy, Assistant Attorney General, for Respondent.

ROSS, J.—The defendant was convicted of statutory rape alleged to have been committed on his stepdaughter, Katie Massie, 12 years old. He appeals from the judgment of conviction, and assigns 14 errors. He argues the errors under five separate heads, and we will consider them as they have been argued.

First. He insists that his demurrer to the information and his motion to dismiss the case should have been sustained. The information was sufficient in form and substance as against demurrer had one been interposed; but the record fails to show that any demurrer was filed or tendered. There was a motion made to set aside the information on the ground that the complaint filed in the committing magistrate's court was sworn to by Mary Zumwalt, the wife of the defendant. It is argued by defendant that, inasmuch as the wife was prohibited by section 1111, Penal Code of 1901, from being examined as a witness against her husband, without his consent, the swearing to the complaint by the wife violated the law, and was therefore insufficient and void, and all subsequent proceedings based thereon were likewise infected and void.

The appellant, at his preliminary, made no objection to the complaint on the ground that it was sworn to by his wife. That was the proper time and place for him to signify that it was done "without his consent" by proper objection. Failing to act seasonably and afford the magistrate an opportunity to correct the mistake, if one, we think he waived the right to object for the first time in the superior court on his arraignment.

Secondly. Complaint is made that in the cross-examination of the prosecuting witness by the defendant he was not permitted to inquire who had instructed her in the nomenclature of certain parts of her person, and was not permitted to fully develop the facts, circumstances and influences of her surroundings after the alleged offense up to the time of the trial. We have carefully examined the evidence and ruling under

this assignment, and find that defendant's contention is not sustained, except in one immaterial instance. We think it unimportant as to who told the witness the name of certain parts of the human body.

Thirdly. It is contended that error was committed in allowing Mary Zumwalt, wife of defendant, to be called to the witness-stand on the part of the state, without a request from her to be permitted to testify in the case, and in permitting questions to be asked her concerning the case. The record shows: That this witness is an ignorant Italian woman. That she was sworn as a witness, and the county attorney, after eliciting her name, asked her if she knew what the case was about. To that question, she answered that she did not understand, and asked for an interpreter. That question was asked in various forms many times, and was generally answered in the same way. Twice, not in response to the questions put, she volunteered answers bearing upon the merits of the case. Counsel for defendant asked the court to instruct witness that she was not compelled to testify. The request was denied. The county attorney, protesting that he was trying to ascertain if she understood the nature of the proceeding, kept repeating questions to which the witness generally answered that she did not understand. Finally, the witness stated that she did not want to testify, whereupon the court excused her. When the court refused to instruct the witness as requested, the defendant then objected to further interrogation on the ground that she was the wife of defendant, and not competent as a witness.

The legislature of this state has declared it to be the policy of the law to encourage confidence in the marital relation, and to preserve that relation inviolate, and therefore it has said that a husband cannot be examined as a witness for or against his wife, without her consent, nor a wife for or against her husband, without his consent; however, the wife may, at her own request, but not otherwise, be examined as a witness for or against her husband upon a prosecution for rape, seduction or the crime against nature, or any similar offense committed by him. Section 1228, Pen. Code 1913. The general policy of the law, as declared, is to disqualify the wife and make incompetent her testimony, except it be given with the consent of the husband. However, as to the particular crimes men-

tioned, this disqualification is removed, so that the wife is given the privilege to testify for or against her husband at her option.  The husband, being tried for rape, cannot invoke the disqualification and thereby prevent the wife from testifying.  He has no control whatever over the exercise by her of her privilege of submitting herself to examination as a witness for or against him.  The policy of the law is that she may testify as a witness on his trial, regardless of her husband's wishes in the particular crimes named, and to that extent her disqualification is taken out of his power and lodged in her. The privilege of testifying is hers, and not his.  Her disability is removed; the law considering it for the good of society that her lips be opened and the whole truth told in the particular crimes named.  In the particular cases named the interests of society are made of more moment than the confidence and inviolability of the relation of husband and wife.  Our legislation removing the incompetency of the spouses in certain cases seems to meet the spirit of the times for, as is said in *People* v. *Langtree,* 64 Cal. 256, 259, 30 Pac. 813, 814:

" 'On the whole,' says Schouler, 'the prevailing tendency of late years in both England and America is to regard the domestic confidence or the ties of a spouse as of little consequence compared with the public convenience of extending the means of ascertaining the truth in all cases; such facilities being increased, it is believed, by hearing what each one has to say, and then making due allowance for circumstances affecting each one's credibility.' Schouler, Husb. and Wife, 85.''

The privilege being a personal one to the wife witness, Professor Wigmore says, at section 2196 of his work on Evidence:

"The claim of privilege can be made solely by the witness himself; the privilege (as the common phrasing runs) is purely personal to himself.  Whether he chooses to fulfill his duty without objection, or whether he prefers to exercise the exemption which the law concedes to him, is a matter resting entirely between himself and the state (or the court as its representative).  The party against whom the testimony is brought has no right to claim or urge the exemption on his own behalf, and, on the witness' behalf, the court is to be left to accord the protection if it is a proper one.

"(2)    (a) An improper ruling by the court, upon a question of privilege, *cannot be excepted to by the party* as an error justifying an appeal and a new trial, if the ruling denies the privilege and compels the witness to testify."

It is clear that the court could not compel the wife to testify, and, should she refuse to do so, there would be no power in the court to punish her as for contempt. She should be examined as a witness in the instances named for or against her husband, "at her own request, and not otherwise." We think the manner pursued by the county attorney to ascertain if the wife wanted to be examined as a witness subject to criticism. The relation of husband and wife being known or discovered, the simple inquiry as to her wishes should suffice, and the court should have restricted the county attorney to that question. The abuse or mistreatment of the witness, however, is not a matter of which the defendant can complain.

It is next contended that the court erred in permitting, against objection, the county attorney to comment on the refusal of the wife, Mary Zumwalt, to testify. In this particular offense the defendant could not make his wife a witness in his behalf. The privilege of testifying or not is entirely in her control. She may be examined as a witness for or against, "at her request, and not otherwise," is the language of the law. He not having the right to call her as a witness, that being entirely at her option, it would seem that the county attorney ought not to make adverse comment on her refusal to testify, for it is within her power to refuse, however anxious he might be to use her as a witness. The defendant has failed to preserve in the record what was said by the county attorney, and we have no means of determining whether his comment was prejudicial to defendant's rights or not.

In those cases in which the defendant may use his wife as a witness in his own behalf, and fails to do so, we think his failure to do so is a matter of legitimate adverse comment. *Commonwealth* v. *Weber,* 167 Pa. 153, 31 Atl. 481; *Armstrong* v. *State,* 34 Tex. Cr. 250, 30 S. W. 235; *Mercer* v. *State,* 17 Tex. App. 452; *Smith* v. *State* (Tex. Cr. App.), 65 S. W. 186. But in a case like the present one, where the defendant has no control, and cannot compel his wife to testify, the fact that she does not become a witness may be no fault of his, and in such case it would be unfair for the state's attorney in argu-

ment to make use of her refusal to testify in a prejudicial and censorious way. The defendant's assignment, however, cannot be sustained; the language used by the county attorney not having been incorporated in the record.

Judgment affirmed.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.

NOTE.—On the question of husband or wife as witness against the other in criminal prosecutions, see notes in 2 L. R. A. (N. S.) 862; 22 L. R. A. (N. S.) 240, and 41 L. R. A. (N. S.) 1213.