## JAMES W. LACEY v. STATE.

No. A-4257.    Opinion Filed April 15, 1924.
(224 Pac. 994.)

(Syllabus.)

1.    **Witnesses—Wife not Competent Against Husband Charged with Incest.** A wife is not a competent witness against her husband in a prosecution against him for incest, under a statute permitting her to testify in a prosecution for an offense committed by him against her.

2.    **Same—"Crime Against the Other."** Under Comp. St. 1921, § 2699, providing "that neither husband nor wife shall in any case be witness against the other except in a criminal prosecution for a crime committed one against the other," the wife is not a competent witness against her husband in a prosecution against him for incest.

Appeal from District Court, Garfield County; J. C. Robberts, Judge.

James W. Lacey was convicted of incest, and he appeals. Reversed.

H. O. Glasser and H. J. Sturgis, for plaintiff in error.

George F. Short, Atty. Gen., and Leon S. Hirsh, Asst. Atty. Gen., for the State.

DOYLE, J.  This appeal is from a judgment of conviction rendered on the verdict of a jury finding the defendant James W. Lacey guilty of the crime of incest, and sentence

in accordance with the verdict of the jury for a term of four years in the penitentiary. In the view we have taken of the disposition necessary to be made of this case, it is neither important nor necessary to consider more than one of the questions presented by the record and briefs.

One of the grounds of the motion for a new trial and assigned as error is that the court erred in admitting the testimony of Mrs. Bessie Lacey, wife of the defendant, as a witness for the state.

The record shows that the defendant was convicted of an alleged act of incest with his daughter, Margaret, committed on the 28th day of July, 1920, the state having elected to rely upon this act. The conviction was based upon the testimony of Mrs. Bessie Lacey, who was the wife of the defendant. Defendant objected to the witness Bessie Lacey testifying for the reason that she was the wife of the defendant, and also moved to strike her testimony from the record, and moved the court to direct the jury to return a verdict of not guilty.

The testimony of the witness Mrs. Bessie Lacey was substantially as follows:

That prior to the year 1920 she was living on a farm near the town of Hillsdale, Okla., residing with her children, her former husband having died a year or two before. She was married to the defendant Lacey about the first of the year 1920, but by an agreement between herself and husband the marriage was not made public until two or three months later. At the time of her marriage to the defendant he was residing in the village of Hillsdale with his daughter, Margaret, and his father, Capt. Henry D. Lacey. That a short time before her marriage to the defendant she loaned him $3,500, which was invested in a hardware business, which he was

then conducting in the town of Hillsdale. At the time of the announcement of the marriage the daughter, Margaret Lacy, became somewhat angered at her father, and particularly towards her stepmother. During the summer of 1920 the defendant conducted his hardware business and spent the major portion of his time at the home in Hillsdale he had provided for his father and his daughter. This arrangement continued until about the month of September, when the defendant broke up housekeeping in Hillsdale and joined his wife on the farm.

She further testified that on or about the 20th of July, 1920, in the nighttime, she drove to the town of Hillsdale, and concealed herself near the house occupied by the defendant and his daughter, Margaret; that they were absent at the time of her arrival there, but came home later and entered the house, and she looked through a window and saw them undress in the same room and go to bed together. She returned to her home that night, and a day or two following her husband came out to the farm, spent the day with her, remaining overnight, occupied the same bed with her, and that she did not mention to him what she had seen. She testified a few days later she made a like trip to the same place and saw substantially the same transaction; that within a day or two her husband appeared at her home in the country, and he again stayed all night, occupied the same bed with her, and she did not mention to him what she had seen. She further testified: That on the 28th day of July, 1920, she made another visit to the home occupied by the defendant and his daughter in Hillsdale, and there saw the defendant and his daughter remove all of their clothing, go to bed together, and have sexual intercourse. This is the act of incest which the state elected to stand upon for a conviction in this case. That a few days after the defendant came out

to her home and spent the day with her, and remained overnight, and occupied the same bed with her, and she did not mention what she had seen to him; that the defendant continued his weekly visits to her until about the middle of September, when he moved to the farm and made his home there with her until their final separation in November, 1920. That his business was in a failing condition, and he became bankrupt some time in November, 1920, and that by reason of his failure she lost all of the money she had loaned him, except a small dividend. That she brought an action against him for divorce in the district court of Garfield county in the month of November, 1920, which action was still pending at the time of the trial, and that she did not set forth in her petition as a ground for divorce from the defendant any of the acts which she claims to have seen him commit during the month of July preceding, and that she did not and never did file a criminal charge against him, the record showing that the original complaint was verified by Mrs. Rex Lacey, her sister-in-law.

On the part of the defense, Margaret Lacey in substance testified: That she was the daughter of the defendant, James W. Lacey, and was just past the age of 21 years. That prior to the year 1917 she had lived with her mother in the state of Oregon. That in the spring of 1917 she came to Garfield county to live with her father. She denied categorically all of the testimony with relation to illicit intercourse with her father. That she submitted herself to an examination by three physicians for the purpose of showing that she was a virgin, and had not been guilty of sexual intercourse with any man.

As medical experts two of these doctors testified that no physician could say that a woman had never had sexual intercourse. One stated as his opinion that Margaret Lacey had

not been guilty of habitual sexual intercourse. The other stated that the hymen was present, and in his opinion she had not had sexual intercourse with any man.

As a witness in his own behalf the defendant denied having had any improper relations with his daughter.

The common-law rule was that neither husband nor wife could be a witness for or against the other in any criminal proceeding, except in the prosecution of one for criminal injury to the other. With certain exceptions, it was, at common law, against public policy to allow the wife to be a witness for or against her husband in any action, civil or criminal, to which she was not a party. This rule is based upon considerations of public policy growing out of the marital relation, and the reason therefor is because the husband and wife are regarded in law as one person, and that to allow one to testify for or against the other would be to subject him or her to great temptation to commit perjury, and it would endanger the harmony and confidence of the marital relation. The statute reads as follows:

"That neither husband nor wife shall in any case be a witness against the other except in a criminal prosecution for a crime committed one against the other, but they may in all criminal cases be witnesses for each other, and shall be subject to cross-examination as other witnesses, and shall in no event on a criminal trial be permitted to disclose communications made by one to the other except on a trial of an offense committed by one against the other." Comp. Stat. 1921, § 2699.

There is a decided conflict of authority as to whether or not the statutes permitting one spouse to testify against the other in criminal proceedings for an offense committed by one against the other apply to sexual offenses, such as adultery, bigamy, rape, and incest. The courts of a number of

jurisdictions maintain that such statutes do not change the common-law rule that a husband or wife cannot testify against the other except in case of personal violence, and that a sexual offense with a third person is not a crime against the unoffending spouse within the meaning of such statutes, and the courts of other jurisdictions maintain with equal certainty that similar and often identical statutory provisions suspend the exceptions so as to permit one spouse to testify against the other in cases of the character under consideration. See State v. Wilcox, 185 Iowa, 90, 169 N. W. 646, 4 A. L. R. 1066, and annotation, 1069.

It is the well-settled doctrine in this state that adultery by one spouse is a crime against the other spouse under the statute providing that no prosecution for adultery can be commenced and carried on against either of the parties to the crime only by his or her own husband or wife, as the case may be, or by the husband or wife of the other party to the crime (Comp. Stats. 1921, § 1852). Stone v. State, 12 Okla. Cr. 313, 155 Pac. 701. In Kitchens v. State, 10 Okla. Cr. 603, 140 Pac. 619, we held that:

"While adultery is a public offense under the statute, it is also a personal offense against the injured husband or wife, so that either becomes a competent witness to prove the offense."

In Cargill v. State, 25 Okla. Cr. 314, 220 Pac. 64, we held that the wife is not a competent witness against her husband in a prosecution for rape committed by him upon his stepdaughter. In that case the question was very fully considered by the court, and after a careful review of the authorities this court arrived at the conclusion that the weight of authority clearly sustained the view adopted by the court.

In State v. Burt, 17 S. D. 7, 94 N. W. 409, 62 L. R. A. 172, 106 Am. St. Rep. 759, the defendant was convicted of in-

cest with his daughter.  It was held that under a statute for-
bidding a wife to be a witness against her husband, except
when he is prosecuted for the commission of a crime against
her, the wife was not a competent witness.  In the opinion
it is said:

"With reference to this statute the husband's crimes
might be classified thus: (1) Those which are against persons
other than his wife; (2) those which are against no particu-
lar person; and (3) those which are against his wife.  It is
only in actions for crimes belonging to the last-mentioned
class that the wife can testify for or against her husband
without his consent.  Had the defendant, in the case at bar,
been a widower when the acts were done for which he is be-
ing punished, his crime would have been the same.  The exis-
tence of the marital relation between the witness and the de-
fendant did not, in any legal sense, affect or constitute any
element of the crime for which he was convicted.  Should we
hold that the crime charged in this action was one against
the wife it would logically follow that the rape or mur-
der of defendant's daughter would have been a crime
against her within the meaning of the statute.  To hold
that a wife may testify for or against her husband, with-
out his consent, in cases of incest, would be, in effect,
to establish the rule that either husband or wife may
testify for or against the other, without consent, in all
actions wherein either is defendant; and such was manifestly
not the legislative intent.  With the policy of this statutory
rule the courts are not concerned. If the law should be chang-
ed the duty of changing it devolves upon the Legislature, not
upon this court.  As all the wife's testimony should have
been excluded because she was not a competent witness, as-
signments of error relating to particular portions of it need
not be considered."

In State v. Beltner, 60 Wash. 397, 111 Pac. 344, it was
held that, under a statute providing that a wife should not
be examined against her husband without his consent, ex-

cept in a prosecution for a crime committed by one against the other, a wife is incompetent to testify against her husband in a prosecution for incest. .

In Compton v. State, 13 Tex. App. 271, 44 Am. Rep. 703, the defendant was convicted of incest with his stepdaughter, and the court held that his wife was not a competent witness against the defendant under a statute the same as ours, overruling Morrill v. State, 5 Tex. App. 447, and Roland v. State, 9 Tex. App. 277, 35 Am. Rep. 743.

And see Vickers v. State, 69 Tex. Cr. R. 628, 154 S. W. 578.

After much investigation and deliberation we have reached the conclusion that the commission of incest by a man is not a crime against his wife. It follows that the wife is not, under the statutes of this state, a competent witness against her husband in a prosecution for the crime of incest.

In the argument for the state it was urged that the rule in the Cargill Case, if adhered to, will prevent such crimes from being punished. As to the policy of this statutory rule we simply say that we must construe the law, and not attempt to make it. If the law should be changed, the duty of changing it devolves upon the Legislature, not upon this court.

For the error of the trial court in permitting the wife of the defendant to testify against him, the judgment herein is reversed.

MATSON, P. J., and BESSEY, J., concur.