STATE, Respondent, v. GOFF, Appellant.

(274 N. W. 665.)

(File No. 7656.   Opinion filed January 10, 1936.)

*Atwater & Helm,* of Sturgis, for Appellant.

*Walter Conway,* Atty. Gen., and *W. E. Weygent,* Asst. Atty. Gen., for the State.

POLLEY, P. J.   Defendant was convicted of the crime of rape in the second degree and brings the case to this court on appeal.

The information upon which defendant was tried consisted of two counts, one of which charges him with rape in the second degree committed by an act of sexual intercourse with his ten year old stepdaughter.   The other count charges defendant with adultery and is predicated upon the same act of sexual intercourse upon which the charge of rape is based in the first count.

The trial court overruled the defendant's motion to require the prosecution to separate the two counts charged in the information and to elect as to which of the two charges would be tried first.   Under this ruling of the court, the defendant went to trial upon both counts in the same trial.

In its verdict the jury found the defendant guilty of rape as charged in count 1 of the information, but found him not guilty of adultery as charged in count 2 thereof.   This verdict of not guilty of adultery entirely disposes of that charge and no further consideration will be given thereto.

· On the trial, the court, over proper objection by defendant, permitted the defendant's wife to testify against him.   Error is predicated upon this ruling, on the ground that under the provisions of section 2717, Rev. Code 1919, the defendant's wife is not competent to testify in the case without the consent of her husband. Subdivision 1 of section 2717, as amended by chapter 412, Laws of 1921, as far as applicable to this case, reads as follows:   "A husband cannot be examined for or against his wife without her consent; nor a wife for or against her husband without his consent; nor can either, during the marriage, or afterward, be, with-

out the consent of the other, examined as to any communication made by one to the other during the marriage; but this subdivision does not apply to a civil action or proceeding by one against the other, nor to a criminal action or proceeding for a crime committed by one against the other, including cases of bigamy and adultery."

The charge in this case, being for rape in the second degree, does not fall within the exceptions, "bigamy and adultery," named in the above section. The wife was not a competent witness, unless rape in the second degree be included in the exception of "a crime committed by one against the other." But it has already been held by this court in State v. Burt, 17 S. D. 7, 94 N. W. 409, 410, 62 L. R. A. 172, 106 Am. St. Rep. 759, and State v. Damm, 62 S. D. 123, 252 N. W. 7, that rape is not "a crime committed by one against the other." Other decisions upon this subject are collected and reviewed in these two cases, and further discussion is wholly unnecessary. Permitting the witness to testify in this case constituted prejudicial error.

The judgment and order appealed from are reversed.

All the Judges concur.