448 P.2d 130

**Jose Jesus PAZOS and Teresa D. Pazos, husband and wife, Petitioners,**

**v.**

**The SUPERIOR COURT IN AND FOR the COUNTY OF PIMA, and William C. Frey, a Superior Court Judge, Respondents.**

**No. 2 CA–CIV 622.**

Court of Appeals of Arizona.

Dec. 10, 1968.

Rehearing Denied Jan. 14, 1969.

Review Denied March 4, 1969.

Charles F. Stout, Tucson, for petitioners.

William J. Schafer, Pima County Atty., by Hugh M. Caldwell, Deputy County Atty., Tucson, for respondents.

KRUCKER, Judge.

Petitioners, Jose Pazos and Teresa Pazos, are husband and wife, and this petition is to prohibit the respondents from ordering Mrs. Pazos to testify in a criminal proceeding against her husband.

An alternative writ of prohibition was issued by this court on October 22, 1968, staying all further proceedings concerning the criminal charges against Mr. Pazos until further order of this court.

■ Relief by prohibition is appropriate to prevent an inferior tribunal from acting without or in excess of its jurisdiction, providing the act may result in damage or injustice, and where the petitioner is without other plain, speedy, and adequate remedy. Caruso v. Superior Court in and for County of Pima, 100 Ariz. 167, 412 P.2d 463 (1966). A judicial tribunal exceeds its jurisdiction when, having jurisdiction of the subject matter, it acts beyond those powers granted to it by constitution, statute, or rules of court which apply under the doctrine of *stare decisis.* Caruso v. Superior Court, supra. The court likewise exceeds its jurisdiction in the event that its act amounts to an abuse of discretion. State ex rel. Ronan v. Superior Court in and for County of Maricopa, 95 Ariz. 319, 390 P.2d 109 (1964).

■ We feel no need to dwell at great length on the question of whether other speedy and adequate relief is available. Petitioner Teresa Pazos is not a party to the action in the trial court, and, regardless of what rights her husband might have, there would be no ordinary legal machinery by which she could seek redress for the alleged wrongful act of the trial court. She is neither a party to the action below nor one who would be aggrieved by the judgment in that action, and she would have no right of appeal. Christian v. Cotten, 1 Ariz.App. 421, 403 P.2d 825 (1965).

■ We shall now direct our attention to the merits of the petition. Petitioner Teresa Pazos lodged a complaint with the Tucson Police Department, relating facts which led her to believe that her husband, Jose Pazos, had molested her daughter. Mrs. Pazos made a written statement, and at the time the statement was taken she said she would be willing to testify against her husband. The complaint originally made by Mrs. Pazos resulted in the filing of an information which charged that Jose Pazos had molested a child under the age of 15 years.

On September 9, 1968, the attorney for Mrs. Pazos announced that she did not intend to testify against her husband. Counsel was informed by the trial court that Mrs. Pazos would be subpoenaed and that she would be required to testify, but because a continuance was granted in this proceeding, Mrs. Pazos had not in fact been ordered to so testify; however, respondents admit that such an order is imminent.

In construing the ancestor of A.R.S. § 13–1802 [1] (1913 Penal Code § 1228), our Supreme Court, in our judgment, has disposed of the question here presented in its opinion in Zumwalt v. State, 16 Ariz. 82, 141 P. 710 (1914).

In that case a wife complained to the police, relating facts which indicated that her husband had committed rape upon her daughter. At the trial, the wife was called as a witness, and after some preliminary

---

1. This section, insofar as here applicable, provides:

"A person shall not be examined as a witness in the following cases:

"1. A husband for or against his wife without her consent, nor a wife for or against her husband without his consent, nor can either, during the marriage or afterwards, be, without consent of the other, examined as to any communication made by one to the other during the marriage. These exceptions do not apply in a criminal action or proceeding for a crime committed by the husband against the wife, or by the wife against the husband, nor in a criminal action or proceeding against the husband for abandonment, failure to support or provide for or failure or neglect to furnish the necessities of life to the wife or the minor children. Either spouse may, at his or her request, but not otherwise, be examined as a witness for or against the other in a prosecution for bigamy or adultery, committed by either spouse, or for rape, seduction, the crime against nature or any similar offense, committed by the husband."

\* \* \* \* \*

questions, the answers to some of which amounted to testimony against the husband, the wife indicated that she did not wish to testify, and the trial court excused her. From his conviction, the defendant appealed, assigning error on the ground that the wife was to testify at her own request but not otherwise, and that the trial court refused to instruct her to this effect at the defendant's request. The Supreme Court gave a thorough discussion of the nature of the privilege, stating that in a trial for rape the privilege belongs to the wife alone, and that therefore, the husband could not assign as error an alleged violation of the wife's privilege. The Court stated further that the wife could testify in that case if she wished, but not otherwise. Respondents have urged that neither spouse is privileged when the crime is one committed by one spouse upon the other, and that molestation of the wife's daughter is a crime committed upon the wife. Citation in support of this proposition does exist: Chamberlain v. State, 348 P.2d 280 (Wyo. 1960). However, where our Supreme Court has held that the wife retains the privilege in a criminal proceeding against her husband for the rape of her daughter, then we are constrained to hold that the wife retains the privilege as well in a criminal proceeding against the husband for molestation of her daughter.

It is the opinion of this court that the alternative writ of prohibition should be made permanent.

HATHAWAY, C. J., and MOLLOY, J., concur.