## GUS MURRAY v. THE STATE.

### No. 2849.   Decided April 19, 1905.

**Seriously Threatening Life of Another—Husband and Wife.**

Where the husband is charged with the offense of seriously threatening the life of his wife, the latter is a competent witness against him.

Appeal from the County Court of McLennan.   Tried below before Hon. F. D. Robertson, Special Judge.

Appeal from a conviction of seriously threatening the life of another; penalty, a fine of $100 and one day confinement in the county jail.

The wife of the defendant testified that at the time of the threats she was not living with him; that he came to where she was and threat-

ened to kill her if she did not return and live with him; that he was angry; that he did not strike her or attempt to do so, but that she was alarmed and did not say whether she would return to him; that she was afraid he would strike her; that he came to the house several days after this occurrence and took her pistol. Defendant testified that he had no intention to harm her, but simply wanted her to live with him. Another State's witness, a neighbor, corroborated the prosecutrix; that she heard the threat, and she took it to have been made by defendant.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKKS, JUDGE.—Appellant was convicted of making serious threats to take the life of his wife, from whom he was separated, and his punishment fixed at a fine of $100 and confinement in the county jail for one day. By bill of exceptions number 1 appellant complains of the court permitting defendant's wife to testify against him in reference to serious threats. The statute provides that when the offense is against the wife, she is a competent witness, and certainly this offense comes within that exception. The evidence is conflicting as to whether the threats were seriously made. But we hold that the evidence for the State is sufficient to support the conviction. Appellant's special charge number 2 is substantially covered by the main charge of the court.

No error appearing in the record, the judgment is affirmed.

*Affirmed.*