THE STATE OF MISSOURI, Respondent, v. GEORGE VAUGHAN, Appellant.

Kansas City Court of Appeals, May 3, 1909.

HUSBAND AND WIFE: Witnesses: Competency: Disturbing Peace: Common Law Rule: Public Policy. A husband was prosecuted for disturbing the peace of his wife and she was compelled to testify and gave evidence of facts amounting to an assault. *Held*, on a review of the cases she was an incompetent witness at common law and in view of public policy, and the case does not come within any of the exceptions to such rule, although in a prosecution for assault and battery she would be a competent witness.

Appeal from Cooper Circuit Court.—*Hon. William H. Martin*, Judge.

REVERSED AND REMANDED.

*W. V. Draffen* for appellant.

(1)   The court erred in compelling the wife of the defendant to testify against him.  R. S. 1899, sec. 2637. (2)   There has been no change of the common law rule in this State by legislative enactment by which the wife is made a competent witness against the husband, and against his consent in a criminal prosecution.  State v. Willis, 119 Mo. 485.   (3)   The testimony may be compelled under a statute permitting the lawful spouse to testify against her husband in cases where the one has committed a crime against the other.  State v. Dumas, 14 Tex. App. 464, 46 Am. Rep. 241.   (4)   The defendant's wife was unauthorized under the law to make the affidavit as a basis for filing the information as provided by section 2750, Revised Statutes 1899, for the reason that she was not competent to testify.  State v. Ulrich, 110 Mo. 350; State v. Berlin, 42 Mo. 572; Berlin v. Berlin, 52 Mo. 151.   (5)   It is well settled that the statements or declarations made by a husband or wife in the presence of the other cannot be used against the one whose interest may be affected thereby.  1 Greenleaf on Evidence (14 Ed.), sec. 341; State v. Burlingame, 146 Mo. 207; King v. King, 42 Mo. App. 454.   (6)   The wife cannot be compelled to testify against her husband. Rex v. All Saints, 6 Maule & Selwyn, 200; Commonwealth v. Reid, 8 Phila. 385; State. v. Briggs, 9 R. I. 361.

*W. F. Johnson* for respondent.

(1)   Under the common law, the wife cannot be a witness against her husband.  Exceptions to this rule, however, are clearly defined.  According to Blackstone: "Where the offense is directly against the person of the wife, this rule has been usually dispensed with."  1 Blackstone, Commentaries, 443; 2 Starkie, Evidence, 713; 1 Phil., Evidence, 169; Ayres' Case, 1 Str. 633; Whitehouse's Case, 2 Russ. Crimes, 606; Bull, N. P. 287;

State v. Burlingame, 15 Me. 104; Bramlette v. State, 2 S. W. (Tex.) 766; Whipp v. State, 34 Ohio St. 89, 90; State v. Berlin, 42 Mo. 577.

BROADDUS, P. J.—The defendant was convicted in the circuit court upon an information charging him with disturbance of the peace of his wife. The prosecution was begun in a justice's court where defendant was found guilty. He appealed to the circuit court where he was again tried and found guilty and from judgment of his conviction he has appealed to this court.

The prosecution was instituted upon the complaint of his wife. She refused to voluntarily testify against her husband, but was compelled by the court to do so. There were other witnesses whose testimony tended to prove defendant's guilt. The wife testified that defendant came home drunk one night, cursed and abused her, jerked her up and down the bed, and threw her out and hurt her arm, and that he called her a "damn bitch and whore." The only question raised on the appeal is the error of the court in compelling the wife to testify against defendant.

It has been the general understanding among the legal profession that a wife is not a competent witness against her husband in a criminal prosecution except where the offense with which he is charged is in the nature of a wrong committed against her person. The State has undertaken to show that there are exceptions to the rule and that the facts of this case bring it within the latter class. The common law rule is that a wife or husband is an incompetent witness in a case, civil or criminal, in which the other is a party. 1 Greenleaf on Evidence, sec. 334-5. The same author states that the rule of necessity has created exceptions to the general rule, which are allowed "partly for the protection of the wife in her life and liberty and partly for the sake of public justice. But the necessity which calls for this exception for the wife's security is described to mean,

'not a general necessity, as where no other witness can be had, but a particular necessity, as where, for instance, the wife would otherwise be exposed, without remedy to personal injury.'" [Idem, sec. 343.]

In a case where the husband was charged with an assault upon the wife with intent to murder, the wife was compelled to testify against the husband. The testimony disclosed that in a quarrel between them defendant discharged a pistol, remarking at the time that they both had better be dead. The court held that the wife was a competent witness against her husband. [Bramlette v. State (Tex.), 2 S. W. 765.] In Turner v. State, 60 Miss. 351, was a case of assault and battery committed upon the person of the wife; the wife was compelled to testify. Where violence has been committed upon the person of a wife by the husband, she is competent to prove such violence. [Wharton's Criminal Evidence, sec. 393.] In Johnson v. State (Ala.), 10 So. 427, on a prosecution of a husband for an assault committed on his wife, the wife was not only not held to be competent to testify to the assault, but might be compelled to so testify. In State v. Bean, 104 Mo. App. 255, the husband was charged with the abandonment of his wife. It was held that she was a competent witness on the ground that she was the "particular individual directly injured by the crime committed by her husband, and the facts were peculiarly within her knowledge and impossible or difficult of proof by any witness other than the wife." In Maget v. Maget, 85 Mo. App. 6, a civil proceeding, this court said, "A wife is excluded as a witness from motives of public policy, but when necessity for her testimony overbalances public policy she is competent." In State v. Pennington, 124 Mo. 388, the wife is held to be a competent witness as to the injury threatened and attempted to her person by the husband.

All the foregoing authorities have been called to our attention by the State to sustain the proposition

that the wife was a competent witness and was rightfully compelled to testify against her husband. All the authorities mentioned only go to the extent of showing that the exceptions to the common law rule allowing the wife to testify against her husband are confined to instances where an injury has been threatened or inflicted upon the person of the wife, except Maget v. Maget, where necessity, it was said, overbalanced public policy—and that case does not by any means sustain the State's contention. Public policy, in our opinion, is to be reckoned against the admission of the wife's testimony in cases like this. There is no telling, if a wife under such circumstances should be permitted to testify, to where such a course would lead. To permit the mere quarrels between husband and wife to be used as a basis for a prosecution, under the pretense that the peace of the wife had thereby been disturbed, would, in our opinion, be against public policy and unnecessary for the protection of the wife.

The argument of the State that, as the evidence showed defendant also committed an assault at the same time on his wife, her evidence would be admissible under the theory of the foregoing authorities, is not good in this proceeding, notwithstanding it would be admissible in a prosecution against defendant for an assault. The two offenses are distinct and the punishment is different.

The cause will be reversed and defendant discharged. All concur.