IOWA MOLYNEUX, Relator, v. K. E. WILCOCKSON, Judge, Respondent.

**Criminal law:** HUSBAND AND WIFE: COMPETENCY AS WITNESSES AGAINST EACH OTHER. The forging of a wife's signature by her husband to an obligation for the payment of money is not a crime against the wife, which will permit her to testify against her husband on his prosecution, either under the common law or the statute, but the crime is against the person induced to accept the fraudu- lent instrument; and the wife is not subject to punishment for contempt for refusal to so testify.

*Certiorari from Mahaska District Court.*—HON. K. E. WILCOCKSON, Judge.

THURSDAY, OCTOBER 24, 1912.

THIS proceeding by certiorari is brought to review the action of the trial court in committing the plaintiff for contempt in refusing to answer certain questions propounded to her as a witness before the grand jury, in a prosecution of her husband for the crime of forgery.— *Annulled.*

*Stockman & Baker,* and *J. A. Devitt,* for relator.

*Frank M. Beatty,* for respondent.

McCLAIN, C. J.—Before the grand jury investigating a charge against J. I. Molyneux for the crime of forgery, his wife, the relator, was shown certain written instruments purporting to be signed by herself and husband, and was asked whether she signed her name to such exhibits, and whether she authorized her husband to sign her name to any or all of them and each of these questions she refused to answer. Thereupon the grand jury appeared in open court and made a statement that the questions related to the crime of forgery, charged to have been committed by the husband of the witness, and the court, after hearing the reasons assigned by the witness for her refusal to answer, directed that she should answer, and upon her persistent refusal to do so ordered her to be committed for contempt. It is the legality of this action of the court which is questioned in this proceeding by certiorari.

The provision of the Code relied upon by plaintiff as an excuse for refusing to answer the questions propounded to her is as follows:

Sec. 4606. Neither the husband nor wife shall in any case be a witness against the other, except in a criminal prosecution for a crime committed one against the other, or in a civil action or proceeding one against the other, or in a civil action by one against a third party for alienating the affections of the other, but in all civil and criminal cases they may be witnesses for each other.

It is conceded, of course, that this section furnishes a complete excuse for the refusal to answer, unless the crime charged against the husband in the prosecution before the grand jury was a crime committed by him against his wife. With reference to this matter, it appears that the charge was of forging the name of his wife to instruments importing a joint liability of both.

The question is therefore whether the forgery of the wife's name to an instrument purporting to impose upon her a pecuniary obligation is a crime against her, within the provision of the statute above quoted. In this connection it must be borne in mind that forgery is a crime involving an intent to defraud. See Code, sections 4853, 4854; *State v. Sherwood,* 90 Iowa, 550.

The fraud involved consists in the intent to injure the person who may be induced to accept as valid an instrument which is without legal validity. The natural effect of the forgery of the wife's name to the instrument would not be to render her liable thereon, for no liability of the wife would thus be created, but to defraud a person who was induced to accept it, relying upon the genuineness of her signature. We think that it is quite evident, therefore, in the nature of things, that the crime charged against the husband was not committed by him against his wife, but rather one committed by him against the person to whom the forged instruments were delivered, or intended to be delivered, to his injury.

The authorities on the general question as to what is a crime against the wife by the husband, such as to remove the bar to her testifying against him as a witness, are not entirely harmonious. In the first place, it may be stated that, according to the general weight of authority, such a statutory exception embodies merely an exception which was recognized at common law; and therefore the general current of decisions with reference to the right of the wife to testify against the husband may be considered. *Bassett*

*v. United States,* 137 U. S. 496 (11 Sup. Ct. 165, 34 L. Ed. 762); *State v. Kniffen,* 44 Wash. 485 (87 Pac. 837, 120 Am. St. Rep. 1009, 12 Ann. Cas. 113). But, to the contrary, see *Hills v. State,* 61 Neb. 589 (85 N. W. 836, 57 L. R. A. 155). Now it seems to be generally conceded that a prosecution for personal violence committed by the husband upon the wife is a prosecution for a crime against the wife. *Dill v. People,* 19 Colo. 469 (36 Pac. 229, 41 Am. St. Rep. 254); and in the application of this general principle it has been held that a charge of conspiracy to have a wife declared insane involves a crime against the wife, such as to render her a competent witness against her husband—the theory being that a finding of her insanity would necessarily involve bodily violence, injury, or restraint. *Commonwealth v. Spink,* 137 Pa. 255 (20 Atl. 680). And it has also been held that on the charge of perjury in making a false affidavit, for the purpose of securing apparent jurisdiction over the wife in a suit for divorce against her, she was a competent witness against her husband; she being the particular person who would be injured in her personal rights as the result of such crime. *Dill v. People, supra.* In this case it was suggested that a libel against the wife by the husband would be a crime against her.

This court has gone further than some others in holdin that the crime of incest committed by the husband is a crime against the wife, such as to render her a competent witness. *State v. Chambers,* 87 Iowa, 1. And so it is said that in a prosecution against the one for adultery or bigamy the other is a competent witness. *State v. Bennett,* 31 Iowa, 24; *State v. Sloan,* 55 Iowa, 217. This general conclusion seems to be in conflict with the views expressed in *Bassett v. United States, supra,* as to the common-law rule. And see notes to *State v. Kniffen, supra,* in 12 Ann. Cas. 113.

We have no inclination to abandon the position al-

ready taken with reference to crimes which may be said to be against the martial relation; nor do we feel now called upon to say that crimes committed by the husband involving direct injury to the wife's property are not crimes against the wife though there is some authority to that effect. See as to arson, *State v. Kephart,* 56 Wash. 561 (106 Pac. 165, 26 L. R. A. (N. S.) 1123), and, as to larceny, *Overton v. State,* 43 Tex. 616.

But whether we regard our statutory exception as embodying only the exception recognized at common law, or, on the other hand, as enlarging the common-law exception, we would not be justified by any authority called to our attention in holding that the forging by the husband of the wife's signature to an obligation for the payment of money was a crime against the wife.

The order of the lower court was therefore wholly without authority; and it is—*Annulled.*