No. 8636.

DePriest v. The People.

CRIMINAL LAW—*Evidence*—*Hearsay.* Prosecution for the non-support of an illegitimate child of which defendant was alleged to be the father. A pathetic letter addressed by the prosecutrix to her mother, immediately after the discovery of her condition was received in evidence for the People, as well as statements of prosecutrix to third persons. *Held* error, and not rendered harmless by the fact that prosecutrix testified to the truth of the letter and of her statements.

*Error to Denver Juvenile Court, Hon. Ben B. Lindsey, Judge.*

Mr. C. A. PRENTICE, Mr. JOHN A. DEWEESE, for plaintiff in error.

Hon. LESLIE E. HUBBARD, attorney general; Mr. BERTRAM B. BESHOAR, assistant attorney general, for the people.

Chief Justice Hill delivered the opinion of the court:

THE plaintiff in error was convicted of the non-support of his alleged illegitimate child.

The errors urged pertain to the admission of testimony. The mother testified that the relation between her and the defendant (which was with her consent), and which brought about the existence of the child, occurred at a certain rooming house in Denver, on October the 5th, 1913; that, about three weeks thereafter, and when she ascertained her condition as the result of such relation, she wrote her mother a letter concerning it and gave it to her upon going to work one morning. She identified this letter. The mother testified to receiving the letter. She was likewise permitted to identify it. Over defendant's objection, the letter was received in evidence and read to the jury. The attorney general admits that the admission of this letter, as well as the testimony of other witnesses as to what the mother of the child said to them concerning the

transaction, at later periods, and not in the presence of the defendant, was error, but maintains that it was harmless error, for the reason that the mother of the child testified to the truth of the contents of the letter, as well as to the truth of the substance of her statements to the other witnesses, as testified to by them, and hence that this letter, as well as the testimony of these witnesses, was but cumulative of these questions, for which reason, although erroneously admitted, the errors were harmless. This argument, though ably and ingeniously presented, ignores the elementary rules concerning evidence, and the rights of all defendants in connection therewith. The mother of the child was about seventeen, the defendant twenty. They lived with their respective parents on opposite sides of the street. The letter told the mother of the daughter's condition, and that the defendant was responsible for it. It set forth a history of their love affair, including a statement that this was the only time she had ever committed such a wrong; that she had told the defendant over the telephone of her condition; that in reply he abused her, also got scared, and told his mother something, and that she had sent him away, etc. It also contains heart-rending appeals for sympathy, together with the statements disclosing that she appreciated the seriousness of her condition, the disgrace to her family and self, concluding with the prayer and hope that the defendant would marry her or could be made to do so, and that everything would come out all right. In addition to being a complete and perfect self-serving declaration in support of her testimony, its contents is such as to appeal to the sympathy, passion and prejudice of any juror. The fact that the girl had testified to the material facts stated in the letter would not change the feeling that might have been aroused in the minds of the jurors by the heart-rending declarations contained therein; for this reason alone, it was prejudicial error to admit it. The fact that it was cumulative to the testimony of the girl, that the defendant was the father of the child, did not make it a harmless error. This question was passed

upon in *Connor v. The People,* 18 Colo. 373, 33 Pac. 159, 25 L. R. A. 341, 36 Am. St. 295, where two witnesses, Farley and Newcome, were permitted, over objections, to testify to statements made to them by the people's witness, Holliday (a detective), not made in the presence of the defendants, or either of them. In commenting upon this testimony, at page 380, the court said: "This was hearsay and clearly inadmissible." Continuing, at page 382, the court stated:

"The witnesses, Farley and Newcome, testified that they had no personal knowledge of the facts stated by Holliday, and were simply repeating the story told by him. The harmfulness, of this can be readily seen. The witness Farley was at the time holding an important official position; he was a respectable citizen and possessed the confidence of the community, and the repetition by him of Holliday's story might give it a weight and credibility greater than would have attached to it when told alone by Holliday.

However this may be, the admission of this testimony was so violative of every rule of evidence that in itself it would compel a reversal of the case, and it becomes unnecessary to notice the further objections."

This declaration is applicable here. The defendant stood upon his legal rights under his plea of not guilty and otherwise did not attempt to attack the reputation of the prosecuting witness for truth and veracity; in such case, the burden was upon the people to establish his guilt beyond a reasonable doubt by competent testimony. So far as the record discloses, the mother of the prosecuting witness was a good citizen, and the repetition by her that the letter had been written and delivered, in connection with its contents, might give to the real issue a weight and credibility in the minds of the jurors greater than would have attached to it when told by the girl alone. This principle applies to the testimony of the other disinterested witnesses as to what the girl (in the absence of the defendant) told them

(concerning the material facts) some time after the transaction is alleged to have occurred.

The judgment will be reversed and the cause remanded for a new trial.

Reversed.

Mr. Justice White and Mr. Justice Teller concur.