STATE OF IOWA, Appellee, v. HERBERT WILCOX, Appellant.

**WITNESSES:** Husband and Wife. A wife is not a competent wit-
1   ness against her husband, who is charged with an assault to
commit a crime the *consummation* of which would be a crime
against herself. So held on a charge of assault with intent to
commit rape. (Sec. 4606, Code Supp., 1913.)

**APPEAL AND ERROR:** Sufficiency of Brief Point. A brief point
2   to the effect that it was error for the court to overrule a seven-
pointed motion to direct a verdict, and likewise error to over-
rule a nineteen-pointed motion in arrest of judgment, is fatally
lacking in particularity.

*Appeal from Boone District Court.*—G. D. THOMPSON,
Judge.

DECEMBER 14, 1918.

THE controlling question is whether an assault by a

husband with intent to commit rape is within the exception to Section 4606 of the Code, which permits one spouse to testify against the other "in a criminal prosecution for a crime committed one against the other." The conviction rests mainly upon permitting the wife of this appellant to testify against him on his trial, on the charge of having committed such an assault, and of which he was convicted, and from which conviction he appeals.—*Reversed and remanded.*

*D. G. Baker,* for appellant.

*H. M. Havner,* Attorney General, and *F. C. Davidson,* Assistant Attorney General, for appellee.

SALINGER, J.—I.   Section 4606 of the Code provides that:

"Neither the husband nor wife shall in any case be a witness against the other, except in a criminal prosecution for a crime committed one against the other."

1. WITNESSES: husband and wife.

In *State v. Chambers,* 87 Iowa 1, and *State v. Schultz,* 177 Iowa 321, at 327, we held that the testimony was receivable on a prosecution for incest; in *State v. Bennett,* 31 Iowa 24, and *State v. Hazen,* 39 Iowa 648, on charge of adultery; and in *State v. Sloan,* 55 Iowa 217, and *State v. Hughes,* 58 Iowa 165, that it was competent on a prosecution for bigamy. The State urges that the reason underlying the holding in said cases sustains permitting the wife to testify against the husband on the prosecution for assault with intent to rape, at bar. If the reception of this testimony was proper, it must be because the reason of said decisions justifies it. It is no justification that an instruction limited the application of the testimony of the wife to the charge being tried. On the contrary, if the testimony was incompetent, such instruction was injurious, because the charge emphasized that such testimony was permissible

on a prosecution for assault with intent to commit rape.

In *People v. Westbrook*, 94 Mich. 629 (54 N. W. 486), it is held that an indecent assault by a husband on his nine-year-old daughter fails to make the wife a competent witness against the husband, because such assault is not a "personal" wrong or injury to the wife. The State differentiates this with the argument that the Michigan statute is unlike our own, in that it prohibits receiving such testimony, except where the action "grows out of a personal wrong or injury done by one to the other." We are not prepared to say there is any substantial difference in the statutes; for, while a crime committed against the other may possibly include more than a personal wrong committed by one against the other, of necessity it includes such wrong. In other words, while a crime committed by husband against wife cannot be more than a personal wrong committed against her by him, such crime is at least as much as that. But suppose that, to now, it has never been held that the wife may not testify on a prosecution of the husband for assault with intent to rape. There must be a first time for right and reasonable decisions. For that matter, it may be said that no decision that the testimony here is receivable has ever been made, unless holding that such testimony is proper on prosecutions for incest, adultery, or bigamy settles that it is proper on a charge of assault with intent to rape. Of course, adultery by the husband is a crime against the wife. And of necessity, incest and bigamy include adultery. That fact alone is a sufficient reason why holding that adultery, bigamy, and incest are within the exception is no warrant for holding that an intent to commit which, if consummated, would involve adultery, brings the case within this exception. How can it, in reason, be said that a naked intent to ravish a third person is "a crime committed against" the wife? The State concedes the exception applies to nothing but sexual crimes. How can it be maintained

that an unaccomplished intent to rape is a "sexual" crime?
It is entitled to some consideration that the prohibition of
and punishment for the crime of rape and that of intent to
commit rape are grouped in the statute with murder, and
under the general classification of "Offenses against lives
and persons," while adultery, bigamy, and incest are found
in another chapter, and classified as "Offenses against chas-
tity, morality, and decency." We do not hold this to be
controlling; but without it, it seems to us the ruling com-
plained of cannot be sustained, unless this court, in review-
ing a conviction for a statute crime, becomes an ecclesias-
tical court, and must give literal application to the words
of Holy Writ, "that the man who looketh upon a woman
and lusteth after her has already committed adultery in
his heart." Such argument can easily be carried too far.
If the intent with force or otherwise to obtain illicit sexual
connection is the equivalent of the accomplished act, then
a divorce should be obtainable because the defendant in-
tended to commit adultery. If the words, "prosecution for a
crime committed against the other," apply to a prosecution
for assault with intent to commit rape, it must be because
the words of the exception should be read, "a prosecution for
an act which is in any way offensive or injurious to the
other." If that be the true interpretation, then, if the hus-
band commit murder, the wife may testify against him.
Surely, it must deeply shock, hurt, offend, and, in a sense,
injure any good woman to find herself married to a mur-
derer. It is sufficiently indicated in our own decisions that
this is not the correct construction of the statute words,
because, for one thing, we held, in *Molyneux v. Wilcockson,*
157 Iowa 39, that the husband's forging the name of the
wife did not bring the prosecution within the statute ex-
ception.

We are of opinion that the statute exception does not
apply to a prosecution for assault with intent to commit
rape.

II.   The point is made that, 'at all events, the wife of the defendant was not a competent witness, because the evidence shows she had condoned the offense of her husband, if it be assumed that the assault for which he was prosecuted was such offense.   In view of the conclusion reached, it is unnecessary to pass upon this assignment.

III.   In Instructions 5 and 8, it is said, in effect, to be no defense that "defendant expected to accomplish this purpose without opposition on the part of the prosecutrix."   It is urged in the exceptions as to this instruction that this left the jury to conclude that defendant might be convicted if he, at the time of the assault on trial, "expected to have, at any future time, sexual intercourse with the prosecutrix with opposition;" and that the instruction erred for not confining the expectation to have sexual intercourse "to then and there at the time of the assault;" further, that the charge was too indefinite "as to time and place as to when the said defendant expected to accomplish such purpose." In our opinion, these complaints are hypercritical.

IV.   A motion to direct verdict for defendant has seven grounds.   Motion in arrest of judgment has nineteen grounds.   There are four exceptions to the instructions, and some of these are so subdivided as to amount

2. APPEAL AND ERROR: sufficiency of brief point.

to a distinct exception.   The appellant's brief urges that it was error to overrule the motion to direct and the motion in arrest of judgment, and to overrule the exceptions, for each and all of the reasons stated in the exceptions.   These are all too general to entitle appellant to review.

For the error in permitting the wife of defendant to testify against him, the judgment must be reversed, and the cause remanded.—*Reversed and remanded.*

PRESTON, C. J., LADD and EVANS, JJ., concur.