No. 15,272.

EMERICK v. THE PEOPLE.

(136 P. [2d] 668)

Decided April 5, 1943.

Mr. MORTON DAVID, Mr. O. OTTO MOORE, for plaintiff in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. JAMES S. HENDERSON, Assistant, for the people.

*En Banc.*

MR. JUSTICE GOUDY delivered the opinion of the court.

AN application for supersedeas, and writ of error by plaintiff in error, defendant below, to reverse a judgment of conviction in the district court of the City and County of Denver. Both parties ask for a final determination on the application, and we have elected to dispose of it in that manner. The information charges:

574

First, that defendant obtained from Joseph Lorett and the Colorado National Bank $10,000 of bonds belonging to Sadie D. Rogers, by false pretenses and representations that he had a power of attorney from, and was authorized by, her to withdraw said bonds from the possession and control of the bank; second, that defendant obtained said bonds from said bank by means and use of the confidence game.

The pertinent facts are: Defendant, fifty years of age, and Sadie Rogers about eighty, met in Los Angeles in May, 1940; thereafter he looked after the rental and sale of her properties in that city; in September, 1940, while they were en route to Denver, traveling in her automobile, Mrs. Rogers purchased from Burton & Company, dealers in securities in Salt Lake City, Utah, the ten $1,000 Holly Sugar Corporation bonds here involved. In Denver they employed an attorney to draw three instruments: one, a power of attorney from her to defendant to deal with her real estate; two, a lease and option from her to defendant and his cousin on a valuable apartment building in Denver; and three, a contract of employment by her of defendant as manager, empowering him to take charge of all her business affairs, including the buying, selling, and maintenance of her property interests, both real and personal. The evidence is in conflict as to whether or not she signed the power of attorney and the contract.

Thereafter, on a journey east in her automobile, they were married, and, upon returning to Denver, lived at the Mills Hotel. February 4, 1941, defendant returned to Los Angeles, on business for his wife, so he claimed. En route, he told Burton & Company that they would be advised later as to the delivery of the bonds. February 6, 1941, defendant received the following telegram from his wife: "Have instructed attorney to sue you for annulment of marriage, and demand accounting, restitution of property and injunction against interference." Thereafter, he called her by long distance telephone and

discussed this telegram; returning to Denver, he told Burton & Company at Salt Lake City that other arrangements possibly would be made about the bonds, and they would be notified whether they were to be sent to Denver or they (Mr. and Mrs. Emerick) would pick them up on their way to California; in Denver, he discussed the matter with his wife (Mrs. Rogers), and asked her "Why the turn?" February 19, 1941, he notified Burton & Company to send the bonds to the bank, to be delivered to him as agent for Mrs. Rogers; March 21, 1941, he obtained the bonds from the bank.

Counsel for defendant contend that he was not convicted of the crimes with which he is charged in the information. As there is prejudicial error which necessitates a reversal and the granting of a new trial on other grounds, we express no opinion at this time as to whether or not he ever had been Mrs. Rogers' agent, and was such agent when he received the bonds from the bank.

■ Counsel for defendant objected to the use of the words "beyond a reasonable doubt" in instruction No. 10, which reads as follows: "The court instructs you that the theory of the defense is that the witness Sadie D. Rogers made him a present of the bonds in issue here, and if you find from the evidence beyond a reasonable doubt that the bonds were given by the witness Sadie D. Rogers to the defendant, then you must find the defendant not guilty." The instruction is erroneous, and on a new trial defendant is entitled to a proper instruction on his theory of the case. 16 C.J., p. 987, §2394; *Cook v. People,* 60 Colo. 263, 153 Pac. 214.

With reference to the objection to instruction No. 12 concerning other transactions, we make no comment, as the judgment is being reversed on other grounds.

■ After the commission of the alleged offense, and before trial, Mrs. Emerick filed suit in the district court of Denver for annulment of her marriage to defendant, and judgment of annulment was entered by the trial court. Defendant objected to Mrs. Rogers (Mrs. Emerick)

testifying in the case at bar, for the reason that she was his wife, which objection was overruled. This court thereafter reversed the judgment of annulment (*Emerick v. Emerick,* 110 Colo. 52, 129 P. [2d] 908), and the suit has now been dismissed. The effect of this is that at the time of the trial of defendant, Mrs. Rogers was his wife; nevertheless, the admission of her testimony was not error, because she was the individual particularly and directly injured and affected by the alleged crime for which defendant was prosecuted, and consequently was a competent witness against him. *Dill v. People,* 19 Colo. 469, 36 Pac. 229; *O'Loughlin v. People,* 90 Colo. 368, 10 P. (2d) 543.

The remarks of the district attorney, the trial judge, and the testimony of the witness Strickland, concerning the alleged marriage and the annulment suit; the introduction of the file thereof in evidence, and the reading to the jury of the findings of the trial judge therein, concerning defendant's criminal record, and his embezzlements from Mrs. Rogers, are urged as prejudicial to defendant, but as he is entitled to a new trial for other reasons, these matters need not be further noticed and should not again arise.

■ Section 16, article II, of our Constitution, provides, inter alia, that the accused in a criminal trial shall have the right to meet the witnesses against him face to face. One A. Frank Barnes, at Salt Lake City, Utah, had given a deposition in a civil case between Mrs. Rogers and defendant, over the bonds here involved, before this criminal case was filed. The statutes governing the taking and use of depositions in criminal cases are sections 470 and 473, chapter 48, '35 C.S.A., and provisions for the taking thereof, being exceptions to the general rule of evidence requiring the prosecution to confront the accused face to face with the witnesses against him, deal with one of the most sacred rights of the individual, and unless the statute be followed in all substantial particulars, the deposition will not be per-

mitted to be read to the jury. The deposition of Barnes was not taken in the instant case, and its admission in evidence herein was a violation of the fundamental constitutional rights of defendant, and must have prejudiced the jury against him. *Ryan v. People,* 21 Colo. 119, 40 Pac. 775.

■ Dudley W. Strickland, a witness for the people, testified, defendant objecting, that he had been employed by Mrs. Rogers as her attorney; had been instructed by her to investigate all of her transactions with defendant, and to search for her missing properties, including the bonds here involved, and to institute suits against defendant for their recovery. He told of his investigations in detail, and of conversations with third parties. He read to the jury copies of his and Mrs. Rogers' letters to such parties, and their replies thereto. Among such letters was one to the bank, reciting all the facts concerning his work, and his conclusions therefrom; namely, that the bonds were the property of Mrs. Rogers; that the authority of defendant to act as her agent had been revoked prior to the delivery of the bonds to him by the bank; that the witness had learned that defendant's attorney had advised him not to dispose of the bonds, but thereafter he had considerable sums of money; that he must have disposed of the bonds or borrowed money thereon; that he had refused to deliver them to Mrs. Rogers, the owner; that any use of them by defendant was a fraud upon Mrs. Rogers. All of the correspondence was admitted in evidence.

The argument of counsel for the people, though ably and ingeniously presented, ignores the elementary rules concerning evidence, and the rights of defendant in connection therewith. The contents of the letters were such as to appeal to the sympathy, passion and prejudice of any jury. The fact that they were cumulative as to material facts shown by the testimony of Mrs. Rogers and others; that the contents of the letters may have been true, and the conclusions of the attorney correct,

did not make their admission harmless error. The witness Strickland long had resided in Denver, was a respected and honored citizen, engaged in the practice of law since 1898, an attorney of high standing, possessing the confidence of the community, and his statements and conclusions as to his investigations in behalf of Mrs. Rogers readily can be seen to be harmful to defendant; and the repetition of information given the witness by others, and his conclusions drawn therefrom, might have given to the evidence of the charge against defendant greater weight and credibility in the minds of the jury than would have attached to testimony given by Mrs. Rogers, the officers of Burton & Company, the employees of the bank, and other witnesses, if any, who had knowledge of the facts. *De Priest v. People,* 64 Colo. 358, 171 Pac. 1004. In *Connor v. People,* 18 Colo. 373, 33 Pac. 159, 25 L.R.A. 341, 36 Am. St. Rep. 295, two witnesses were permitted, over objection, to testify to statements made to them by a witness for the people, not in the presence of the defendants, or either of them, and we there said: "This was hearsay evidence and clearly inadmissible. * * * However this may be, the admission of this testimony was so violative of every rule of evidence that in itself it would compel a reversal of the case, and it becomes unnecessary to notice the further objections." This declaration is applicable here. Defendant entered a plea of not guilty. One of the defenses was that Mrs. Rogers had given him the bonds. The burden was upon the people to establish his guilt by competent evidence beyond a reasonable doubt. The witness Strickland had no personal knowledge of the matters revealed by his investigations; he was repeating stories which had been told to him. The admission of much of his testimony violates fundamental principles; it was hearsay and consisted of self-serving statements, declarations and letters between Mrs. Rogers, her attorney and third parties. The letters were not directed or delivered to defendant, and he had no knowledge thereof and no part therein;

they contained prejudicial conclusions of the attorney. Evidence of all the matters recited in the letters, in the deposition of Barnes, and the investigations of Strickland, was available to the people at the time of the trial, and such evidence should have been properly presented.

■ Witness Strickland also testified as to court actions which he had filed in behalf of Mrs. Rogers and against defendant; the clerk of the district court was called as a witness and testified to such filings. This evidence was not admissible. *Kilpatrick v. People,* 64 Colo. 209, 170 Pac. 956.

■ A careful perusal of the entire record impresses us with the feeling that defendant was not tried in that atmosphere of fairness and judicial calm which is essential to the. preservation of the fundamental rights of those who are on trial in the courts of America, no matter of what they may be accused, nor how much their acts may shock the minds of trial judges and prosecutors. Zeal of the prosecutor to obtain a conviction should not inject into the record manifest error, so that no matter how convinced this court may be of the guilt of the convicted defendant it must order a reversal. Counsel should restrict their offers to that evidence which long experience shows is competent and admissible, and trial judges should be diligent to avoid reversible error.

Defendant should not have been called upon to meet inadmissible evidence. He did not receive the fair trial to which he was entitled.

The judgment is reversed and the cause remanded; further proceedings, if any, to be in accordance with the views herein expressed.