### HAYES v. UNITED STATES.

### No. 3669.

Circuit Court of Appeals, Tenth Circuit.
July 2, 1948.

Simon Jefferson Hayes, pro se.

Robert E. Shelton, U. S. Atty., and Haskell B. Pugh, Asst. U. S. Atty., both of Oklahoma City, Okl., for the United States.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from an order denying a motion to vacate a judgment and sentence.

On October 11, 1946, the petitioner, Hayes, appeared in open court. He stated that he waived the presence of his attorney, Ralph Rawling, Esq., whom he had theretofore consulted, and, in writing, waived indictment and consented to be proceeded against by information. An information was then filed containing four counts, each of which charged that he transported Ruby Leona Hayes in interstate commerce, with the intent of having her engage in prostitution, debauchery, and other immoral acts. Hayes was arraigned and entered a plea of guilty to each count of the information. On October 22, 1946, Hayes appeared in open court and again waived the presence of his counsel and was sentenced to imprisonment for a period of five years on each count, the several sentences to run concurrently.

On November 3, 1947, Hayes filed a motion to vacate the judgment and sentence in which he alleged that Ruby Leona Hayes was his wife; that he unwittingly entered a plea of guilty to the charges in the information; and that Ruby Leona Hayes, being his wife, was not a competent witness to testify against him. He specifically stated that he did not charge that he was induced to plead guilty by pressure, but by reason of a chain of circumstances over which he had no power.

In Funk v. United States, 290 U.S. 371, 54 S.Ct. 212, 78 L.Ed. 369, 93 A.L.R. 1136, the Supreme Court held that the wife was a competent witness in behalf of her de-

fendant husband in a criminal case, and overruled prior cases to the contrary.

 And, at common law, where the crime charged against the husband is a personal wrong against the wife, she is a competent witness against her husband. An act against the wife harmful to her morals is within the rule.[1]

We are of the opinion that the petition set up no substantial grounds for vacating the judgment and sentence. The order is, therefore, affirmed.

[1] Lord Audley's Case, Hut. 115, 3 How. St.Tr. 401; Cohen v. United States, 9 Cir., 214 F. 23, 29; Pappas v. United States, 9 Cir., 241 F. 665, 666; Denning v. United States, 5 Cir., 247 F. 463, 465; United States v. Mitchell, 2 Cir., 137 F. 2d 1006, 1008; United States v. Williams, D.C.Minn., 55 F.Supp. 375, 378, 379; Wilhoit v. Hiatt, D.C.Pa., 60 F. Supp. 664, 665. See, also, Yoder v. United States, 10 Cir., 80 F.2d 665.