Kenneth Gene GRULKEY, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 19064.

United States Court of Appeals
Eighth Circuit.

May 9, 1968.

Robert W. Matias, Cedar Rapids, Iowa, for appellant.

Gene R. Krekel, Asst. U. S. Atty., Sioux City, Iowa, for appellee; Steve

Turner, Asst. U. S. Atty., was on the brief.

Before MEHAFFY, GIBSON and HEANEY, Circuit Judges.

MEHAFFY, Circuit Judge.

Kenneth Gene Grulkey, appellant-defendant, was tried to a jury and convicted under a one-count indictment charging him with violation of 18 U.S.C. § 876, by knowingly depositing in the United States mail a letter addressed to his estranged wife, Loretta Grulkey, threatening to kill her with a shotgun.[1]

Defendant admitted from the witness stand that he mailed the letter in question and, consequently, there is no factual dispute. The assignments of error presented by this appeal relate solely to the spousal privilege of the wife to testify against her husband. At the outset of the trial, counsel for defendant made known to the court in chambers his intention to object to the testimony of Loretta Grulkey and suggested the propriety of a standing objection "to any and all testimony from Loretta A. Grulkey concerning any communications with the defendant at any time during the time which they were married." The trial court properly ruled, as will hereafter be shown, that Loretta was competent to testify against her husband, and required counsel to make his objections as the questions were propounded to her on the witness stand.

■ The first assignment deals with the assertion of prejudice by defendant's having to invoke his claim of privilege before the jury. This assignment is without merit. After the trial court had ruled that Loretta was a competent witness, it was necessary for the court to pass on the materiality of her testimony as each question was asked. Counsel relies on such cases as San Fratello v. United States, 340 F.2d 560 (5th Cir. 1965), the opinion on rehearing on the same case reported in 343 F.2d 711 (5th Cir. 1965), and Tallo v. United States, 344 F.2d 467 (1st Cir. 1965). These cases are obviously distinguishable and, at most, stand for the proposition that in the context of certain cases prejudice can well result by the action of a prosecutor in calling a witness, knowing that the witness will refuse to testify, the sole objective of calling the witness being to require invocation of the privilege before the jury and thereby create prejudice against a defendant. Such conduct on the part of a prosecutor may be without justification and under some circumstances could well result in prejudicial error. This type of case, however, is completely inapposite inasmuch as the spouse here willingly testified and, furthermore, she was the victim of the criminal act, and on that account comes within the exception to the general rule on spousal privilege.

In Hayes v. United States, 168 F.2d 996 (10th Cir. 1948), the court stated at page 997: "And, at common law, where the crime charged against the husband is a personal wrong against the wife, she is a competent witness against her husband."

■■ The Supreme Court has recognized the general rule of prohibition of testimony by one spouse against the oth-

---

1. 18 U.S.C. § 876 provides:

   "Whoever knowingly deposits in any post office or authorized depository for mail matter, to be sent or delivered by the Post Office Department or knowingly causes to be delivered by the Post Office Department according to the direction thereon, any communication, with or without a name or designating mark subscribed thereto, addressed to any other person, and containing any demand or request for ransom or reward for the release of any kidnaped person, shall be fined not more than $5,000, or imprisoned not more than twenty years, or both.

   \* \* \* \* \*

   "Whoever knowingly so deposits or causes to be delivered as aforesaid, any communication with or without a name or designating mark subscribed thereto, addressed to any other person and containing any threat to kidnap any person or any threat to injure the person of the addressee or of another, shall be fined not more than $1,000 or imprisoned not more than five years, or both."

er as well as the exception when the wife is the victim of the criminal act. We recognized and followed these decisions in our recent case of Wilkerson v. United States, 342 F.2d 807 (8th Cir. 1965). *Wilkerson* was a Mann Act case, and in our opinion we cited and followed the Supreme Court's pronunciations, holding that the wife was competent to testify against her husband:

"Defendant's first contention on appeal is that the court erred in permitting the defendant's wife to testify against him. The general rule prohibits the testimony of one spouse against the other on the ground that such prohibition would promote peace in the family, not only for the benefit of the members thereof but for the benefit of the public as well. Hawkins v. United States, 1958, 358 U.S. 74, 79 S.Ct. 136, 3 L.Ed.2d 125. Defendant concedes that there is an exception to such rule in that where the wife is the victim of the criminal act with which the husband is charged, the privilege does not apply. Wyatt v. United States, 1960, 362 U.S. 525, 80 S.Ct. 901, 4 L.Ed.2d 931." 342 F.2d at 809–810.

In view of our recent decision in *Wilkerson,* there is no need for us to expound further on this rule of evidence or its history.[2] This case clearly falls within the exception to the general rule and the trial court properly admitted the testimony of Loretta Grulkey, spouse of the defendant.

■ Additionally, the communications testified to by Loretta Grulkey were not confidential in nature and were not intended so to be. Loretta had difficulty reading and this fact was known to her husband. He therefore anticipated that the communications would be read to her and even suggested this in one of the communications. They were in fact read to her by her stepfather, and under these circumstances obviously were not confidential or intended to be confidential. In VIII Wigmore, Evidence § 2336, p. 649 (McNaughton rev. 1961), the following excerpt is quoted from Wolfle v. United States, 291 U.S. 7, 14, 54 S.Ct. 279, 78 L.Ed. 617:

" '[B]ut wherever a communication, because of its nature or the circumstances under which it was made, was obviously not intended to be confidential it is not a privileged communication. * * * And when made in the presence of a third party, such communications are usually regarded as not privileged because not made in confidence. * * *' "

To the same effect see and compare Pereira v. United States, 347 U.S. 1, 6, 7, 74 S.Ct. 358, 98 L.Ed. 435 (1954), and Picciurro v. United States, 250 F.2d 585 (8th Cir. 1958).

2. Mr. Justice Stewart in his concurring opinion in Hawkins v. United States, 358 U.S. 74, 81–82, 79 S.Ct. 136 (1958), observed:

"The rule of evidence we are here asked to re-examine has been called a 'sentimental relic.' It was born of two concepts long since rejected: that a criminal defendant was incompetent to testify in his own case, and that in law husband and wife were one. What thus began as a disqualification of either spouse from testifying at all yielded gradually to the policy of admitting all relevant evidence, until it has now become simply a privilege of the criminal defendant to prevent his spouse from testifying against him. Compare Stein v. Bowman, 13 Pet. 209, 10 L.Ed. 129;

Wolfle v. United States, 291 U.S. 7, 14, 54 S.Ct. 279, 78 L.Ed. 617; Funk v. United States, 290 U.S. 371, 54 S.Ct. 212, 78 L.Ed. 369.

"Any rule that impedes the discovery of truth in a court of law impedes as well the doing of justice. When such a rule is the product of a conceptualism long ago discarded, is universally criticized by scholars, and has been qualified or abandoned in many jurisdictions, it should receive the most careful scrutiny. Surely 'reason and experience' require that we do more than indulge in mere assumptions, perhaps naive assumptions, as to the importance of this ancient rule to the interests of domestic tranquillity."

The trial court properly permitted Loretta Grulkey to testify against her estranged husband, the defendant, concerning his threat against her life, and the judgment of conviction is affirmed.