James L. **PETERS**, Petitioner,

v.

The **DISTRICT COURT OF IOWA In and For LINN COUNTY, Robert Osmundson and William R. Eads, Judges, Respondents.**

No. 54269.

Supreme Court of Iowa.

Jan. 19, 1971.

Keys & Crawford, Cedar Rapids, for petitioner.

Richard C. Turner, Atty. Gen., Roxanne Barton Conlin, Asst. Atty. Gen., and Wm. G. Faches, County Atty., Cedar Rapids, for respondents.

LeGRAND, Justice.

This proceeding poses only one question: does section 622.7, The Code, 1966, prohibit a wife from testifying against her husband in a criminal trial for arson when he is accused of having burned her property?

We mention at the outset that the interpretation of section 622.9 of the code is not involved. That section concerns only the confidential nature of marital disclosures made between husband and wife, and the trial court ruled such communications could not be divulged. We decide only the wife's competency to testify against her husband as to matters not involving any communications between them.

The facts under which the petitioner was indicted for the crime of arson in violation of section 707.1, The Code, 1966, may be stated quite briefly. Following a domestic quarrel, the petitioner sprinkled gasoline over the interior of the house jointly owned by him and his wife, struck a match, and precipitated a fire which caused extensive damage to the property. At the time of these events his wife was in the house. However, our decision does not turn on this threat of physical violence against her. We decide the case solely on the proposition that petitioner is accused of arson involving real estate of which his wife was part owner.

Mrs. Peters testified before the grand jury and her testimony was important to the indictment subsequently returned against her husband. It will also be important in his trial on this charge. Whether it is as indispensable to the State's case as petitioner claims, we need not decide; certainly it is quite helpful.

Petitioner moved to quash the indictment; to suppress his wife's testimony before the grand jury; and to obtain an order in advance of trial which would preclude the State from using her as a witness against him. All were based upon the prohibition contained in section 622.7 and all were unsuccessful before the trial court.

He thereupon sought and obtained a writ of certiorari to test the legality of the trial court's ruling. The State argues this is not the proper remedy to challenge the orders. We have granted such writs to the State for this same purpose. See State v. Rees, 258 Iowa 813, 816, 139 N.W.2d 406, 408 and State v. Eads, (Iowa 1969), 166 N.W.2d 766, 768. Usually, however, we have denied the right of certiorari to a defendant in a criminal trial because he is protected by his right of appeal, a right denied the State except to settle the law for the future. Under the circumstances existing here the granting of the writ is discretionary. It *was* granted, and we consider the case without further discussion of the State's argument that it should not have been.

Our decision depends upon the interpretation of section 622.7, which provides in part as follows:

"Neither the husband nor wife shall in any case be a witness against the other, except:

"1. In a criminal prosecution for a crime committed one against the other, or,

"2. * * *

"3. * * *

"4. * * *."

Petitioner's argument may be summarized as follows: The statute is merely declara-

tory of the common law, which limited testimony of one spouse against the other to crimes of personal violence, and we must therefore limit the application of our statute accordingly. Since the crime charged —arson—is an offense only against her property, the exception of the statute is not applicable and her testimony is prohibited. Molyneux v. Wilcockson, 157 Iowa 39, 41, 137 N.W. 1016, 1017; Brunner v. United States, 6 Cir., 168 F.2d 281, 282; United States v. Walker, 2 Cir., 176 F.2d 564; State v. McMullins, 156 Miss. 663, 126 So. 662.

Our task, however, is to interpret our statute, not only in the light of the common law which preceded it, but also according to its particular language and the purposes it was designed to accomplish.

Obviously no uncertainty would exist if the legislature had specifically limited the right of one spouse to testify against the other to prosecutions for crimes of violence against the person. Some states have done so. See Commonwealth v. Clanton, 1959, 395 Pa. 521, 151 A.2d 88, which discusses a Pennsylvania statute providing one spouse may testify against the other in a criminal charge "for bodily injury or violence attempted, done or threatened."

Other statutory language makes specific provision for such testimony when a crime is committed against *either* the person or the property of one spouse by the other. California has such a law. In re Kellogg, 41 Cal.App.2d 833, 107 P.2d 964.

Our statute follows what appears to be the more general rule. It withdraws the privilege protecting one spouse from the testimony of the other in cases of prosecution for "[a crime] committed one against the other." Courts have been far from unanimous in interpreting such language. Some refuse to allow any testimony under its terms which would have been prohibited under the common law. State v. Clay, 1951, 135 W.Va. 618, 64 S.E.2d 117, 120; State v. Vaughan, 136 Mo.App. 645, 118 S.W. 1186.

Although we have never been faced with the particular problem now before us, we have always liberally construed the provisions of section 622.7. Even though we said in Molyneux v. Wilcockson, supra, that our statute is declarative of the common law, we there recognized, too, that we need not limit its application only to those circumstances under which testimony was permitted before the enactment of the statute.

As pointed out in Molyneaux, we have permitted a wife to testify against her husband in prosecutions for adultery (State v. Hazen, 39 Iowa 648); bigamy (State v. Sloan, 55 Iowa 217, 7 N.W. 516); Incest (State v. Chambers, 87 Iowa 1, 53 N.W. 1090, State v. Shultz, 177 Iowa 321, 327, 158 N.W. 539, 541; and dictum in State v. Wilcox, 185 Iowa 90, 91, 169 N.W. 646). We mention such cases not to claim any factual similarity with the present controversy but to show the statutory privilege has not always been afforded where violence against the person is not involved. The petitioner points out these crimes are all offenses against the marriage relationship itself. While this is quite true, they are nevertheless crimes which do not include violence to the person of the spouse. To that extent, at least, they must be said to limit the common law privilege.

Other courts have reached widely varying results under statutes similar to ours. In Murray v. State, 48 Tex.Cr.R. 141, 86 S.W. 1024, a wife was permitted to testify in a case against her husband for serious threats to take her life. In Emerick v. People, 110 Colo. 572, 136 P.2d 668, 669, a wife was permitted to testify in a prosecution against her husband for obtaining her bonds by false pretenses. In Grulkey v. United States, 8 Cir., 394 F.2d 244, 246, it was held there was no privilege where the wife was the victim of her husband's nonviolent criminal act. The same result was reached in Hayes v. United States, 10 Cir., 168 F.2d 996, 997. It has also been held that a wife may testify against her husband in Mann Act prosecutions when he is

accused of having transported her across state lines for purposes of prostitution. Wilkerson v. United States, 8 Cir., 342 F.2d 807, 809; Hawkins v. United States, 358 U.S. 74, 79 S.Ct. 136, 3 L.Ed.2d 125. And a wife has been allowed to testify against a husband accused of having killed the wife's child. Balltrip v. People, 157 Colo. 108, 401 P.2d 259, 263, where the Colorado court held this was a "crime against her."

On the other hand, the petitioner's position finds support in such cases as State v. Clay, supra, 64 S.E.2d 117, 120. There the West Virginia court said that setting fire to a wife's personal property was not such "an offense committed by one against the other" as would permit the wife to testify against her husband. And, in State v. Kephart, 56 Wash. 561, 106 P. 165, where, under a statute similar to ours, the court declared a wife could not testify in an arson case accusing the husband of having destroyed the wife's property. See Annotation, 11 A.L.R.2d 651–661.

As we said in Rankin v. Taylor, 204 Iowa 384, 385, 214 N.W. 725, 726, the purpose of the privilege is to promote family harmony, to encourage complete confidence between marital partners, and to protect husband and wife from the threat of being compelled to give evidence against each other. Recognizing that such a privilege should not have universal application, our statute makes several exceptions, one of which is in cases when one spouse is accused of having committed a crime against the other.

The petitioner argues this exception should be narrowly construed to mean crimes involving *personal violence* of one against the other. The statute contains no such language; nor do we perceive any reason of public policy which should permit one to steal, embezzle or destroy the property of a spouse and then fall back on the "family harmony" rule to avoid punishment. We are unwilling to adopt such an unrealistic interpretation of the statute.

We recognize that in Molyneux v. Wilcockson, supra, we refused to extend the statutory exception to a charge of forgery, but as pointed out there forgery results in no loss to the spouse whose signature is forged but rather to the innocent victim who takes the forged instrument. In the Molyneux case, too, we specifically noted that problems such as the one now before us were reserved for later determination. That time is now here, and we have no hesitancy in declaring that the language of section 622.7 permitting one spouse to testify against the other in a prosecution for a crime "committed one against the other" is broad enough to include crimes against the property, as well as the person, of the offended spouse.

We therefore hold that the ruling of the trial court was right and that petitioner is not entitled to suppress the evidence of his wife in this case.

The writ is therefore annulled.

Writ annulled.

All Justices concur.