**STATE of Iowa, Appellant,**

v.

**Gary Lee BLEEKER, Appellee.**

**No. 68163.**

Supreme Court of Iowa.

Dec. 22, 1982.

Thomas J. Miller, Atty. Gen., Michael Jordan, Asst. Atty. Gen., and Mary Richards, Story County Atty., for appellant.

Robert L. Huffer, Story City, for appellee.

HARRIS, Justice.

This appeal turns on an interpretation of Iowa Code § 622.7 (1981), our marital testimonial privilege statute. According to the jury verdict defendant viciously attacked Kenneth Zea with a wooden mallet. Zea, who was seriously injured by the attack, had been living as man and wife with defendant's estranged wife. The conviction was obtained in part by the wife's testimony. Following his conviction of willful injury (Iowa Code § 708.4 (1981)) defendant moved for a new trial and persuaded the trial court to reverse a trial ruling which allowed Mrs. Bleeker's testimony over defendant's privilege objection. A new trial was granted. On the State's appeal we conclude that the evidence was properly admitted. We reverse the order granting a new trial and remand.

Defendant and Mrs. Bleeker were married in June of 1963 and had five children. They separated some sixteen months prior to the assault. After defendant moved out of the house occupied by Mrs. Bleeker and the children he filed petition for dissolution of the marriage and she filed a cross-petition. Defendant and Mrs. Bleeker then agreed he would return to the home only on Sundays to visit the children and no further action was taken in the dissolution proceeding. The parties, accordingly, remained legally married at the time of defendant's trial.

Kenneth Zea, the victim, took up residence with Mrs. Bleeker and the children after defendant moved out. Mrs. Bleeker had recently given birth to Zea's son. Defendant was well aware of Zea's residence and had seen him during the Sunday visits. On at least one occasion the two had argued.

The assault took place early one morning in the bedroom occupied by Zea and Mrs. Bleeker. Mrs. Bleeker testified, over defendant's privilege objection, that she awoke and saw defendant standing in the doorway of the bedroom. The doors to the house were locked so defendant apparently entered through a window. Mrs. Bleeker testified defendant walked over to the bed and struck the sleeping Zea on the head with a wooden mallet. After witnessing the first blow she tried to aid Zea and attempted to wrestle the mallet from defendant. She was unable to do so and defendant continued to strike Zea. During her struggle Mrs. Bleeker was pushed out of the way and at least once was pushed down. She sustained several bruises on her hip. The defendant's attack was directed at Zea though defendant did resist Mrs. Bleeker's efforts to wrestle the mallet from him.

Mrs. Bleeker twice attempted to phone the police but both times defendant ripped the phone cords from the wall. She eventually ran to a neighbor's house to call police. The children heard the struggle. Two children, aged 14 and 16, testified at defendant's trial. Although they did not witness the actual striking of Zea they saw their father in the bedroom that morning, heard their mother scream for help, and watched their father pull the phone wires from the wall. A woman renting a basement room from Mrs. Bleeker also heard the commotion, went upstairs, and saw defendant leaving the house with a mallet.

Zea suffered a depressed skull fracture and the right side of his face is paralyzed. He is extremely confused and has suffered brain damage resulting in a severe decrease in memory, attention span, judgment, and new learning ability. He did not testify at defendant's trial.

I. The statute in question provides:

Neither the husband nor wife shall in any case be a witness against the other, except:

1. In a criminal prosecution for a crime committed one against the other, or

2. In a civil action or proceeding one against the other, or

3. In a civil action by one against a third party for alienating the affections of the other, or

4. In any civil action brought by a judgment creditor against either the husband or the wife, to set aside a conveyance of property from one to the other on the ground of want of consideration or fraud, and to subject the same to the payment of his judgment.

The statute precludes adverse spousal testimony with four exceptions. The first of the exceptions, for crimes committed against the other, is at issue here.[1]

The spouse's testimonial privilege has been recognized by the common law for about four centuries. Lempert, *A Right to Every Woman's Evidence,* 66 Iowa L.Rev.

---

1. The testimonial privilege under § 622.7 is to be distinguished from the marital communication privilege. Iowa Code § 622.9. The marital communication privilege provides that neither a husband nor wife can be examined concerning any communication made by one to the other when they were married. The marital communication privilege is not involved in this appeal.

725, 726 (1981). It has been roundly criticized for much of the last two. *Id.* at 731. *See Trammel v. United States,* 445 U.S. 40, 44–45, 100 S.Ct. 906, 909, 63 L.Ed.2d 186, 191 (1980) (citing authorities). The privilege has been called "the merest anachronism in legal theory and an indefensible obstruction to truth in practice." 8 J. Wigmore, *Evidence,* § 2228, at 221 (McNaughton rev. 1961).

In *Hawkins v. United States,* 358 U.S. 74, 79 S.Ct. 136, 3 L.Ed.2d 125 (1958), the United States Supreme Court reviewed and upheld the federal common law privilege. In *Trammel v. United States,* 445 U.S. at 53, 100 S.Ct. at 913, 63 L.Ed.2d at 196, the supreme court again reviewed and this time modified it so as to allow only the witness spouse to invoke its protection. Under *Trammel* the witness-spouse can no longer be compelled or foreclosed from testifying. The court said "[t]his modification ... furthers the important public interest in marital harmony without unduly burdening legitimate law enforcement needs." *Id.* at 53, 100 S.Ct. at 913, 63 L.Ed.2d at 196.

The *Trammel* opinion noted that Iowa was one of only eight states whose statutes provide that one's spouse is incompetent to testify against the other in a criminal proceeding. Sixteen states vest the privilege in both spouses or in the defendant-spouse alone. Nine states allow only the witness-spouse to assert the privilege. The remaining seventeen states have abolished the privilege in criminal cases. *See* 45 U.S. at 48 n. 9, 100 S.Ct. at 911 n. 9, 63 L.Ed.2d at 193 n. 9. The trend among the states is toward abolishing or severely limiting the privilege. *Id.* at 48–50, 100 S.Ct. at 911–912, 63 L.Ed.2d at 193–94; *Vance v. Rice,* 524 F.Supp. 1297, 1300–01 (S.D.Iowa 1981) (state's interest in having its courts do justice prevails over competing interest of defendant to marry a material witness).

Our cases interpreting Iowa's codification of the privilege have generally, though not enthusiastically, yielded to the literal thrust of the statute. The tension between the statute and the need for the evidence it excludes has constantly tightened the privilege's scope. *See State v. Farber,* 314 N.W.2d 365, 367 (Iowa 1982) (a proceeding on a search warrant application is not a "case" within the meaning of § 622.7 and hence a husband's incriminating information could form the basis for a warrant to search his wife's apartment); *State v. Henderson,* 268 N.W.2d 173, 178 (Iowa 1978) (although the section applies to grand jury proceedings, a writing sample and picture of defendant's wife were nevertheless admissible because "no words proceeded from her mouth nor thoughts from her mind"); *State v. Hubbs,* 268 N.W.2d 188, 190 (Iowa 1978) (the "crimes against the other" exception of this section include crimes, such as incest or statutory rape, against the children of the testifying spouse); *see also State v. Spaulding,* 313 N.W.2d 878, 880 (Iowa 1981) (same).

Perhaps our most exhaustive review of the "crimes against the other" exception to the privilege was in *Peters v. District Court of Iowa, Linn County,* 183 N.W.2d 209, 211–12 (Iowa 1971). Peters was charged with arson for burning a house owned by him and his wife. Over Peter's objection we approved the admission of his wife's testimony against him on the theory the arson was a crime against her. We said that the exception "is broad enough to include crimes against the property, as well as the person, of the offended spouse." *Id.* at 212.

The legislature abrogated the spousal privilege in cases of child abuse. Iowa Code § 232.74 (1981). Child abuse is broadly defined. *See* § 232.68(2). We applied the abrogation of the privilege for child abuse in *State v. Johnson,* 318 N.W.2d 417, 439 (Iowa 1982).

The trend away from the privilege in other states, noted in *Trammel,* is not without its critics. The article by Richard O. Lempert, cited earlier, defended the privilege:

[I]t is an important symbolic statement of our attitude toward marriage, because ... it may play a role in keeping some marriages together at an extremely stressful moment, and because ... it spares spouses, who may be innocent of

wrongdoing, the anguish of being forced to testify against their loved ones. The Court's decision in *Trammel* is completely consistent · with these values.... [Nevertheless the] decision is wrong because it mistakenly assumes that testimony is voluntary whenever a wife agrees to take the stand.

66 Iowa L.Rev. at 736. The author believes that a spouse might be unfairly driven to a so-called willingness to testify out of fear of prosecution, which the author feels wrongly forces a married person to choose between self-preservation and turning against a spouse. *Id.* at 736–38.

We do not believe our statute can be interpreted in accordance with the holding in *Trammel,* leaving the privilege available only to a witness-spouse. Plainly this is not the thrust of our statute. Because of its clear wording it must be left to the legislature to sort through the policy arguments and, if it wishes, empower the witness-spouse to decide whether the privilege is to apply.

II. We nevertheless think the testimony of Mrs. Bleeker was properly admitted under "crimes against the other" exception. The attack on Zea was not perpetrated in a vacuum. Interwoven was an entry by defendant into the bedroom which Mrs. Bleeker was also occupying. By choosing the time, place, and manner of his attack on Zea, defendant also involved his wife. To a great extent it can be said that Mrs. Bleeker freely injected herself into the fray. But as a practical matter she was already involved by reason of the circumstances of defendant's attack and her proximity to it. She was a victim of defendant's violence.

Under the circumstances, which include Mrs. Bleeker's uncoerced willingness to testify, we think the "crime against the other" exception applies. It is not controlling that a separate charge against defendant for attacking Mrs. Bleeker was later dismissed.

The trial court was right in its original determination to admit the testimony and, we conclude, was wrong in later determining it had erred. Since this was the basis for the trial court's ruling granting the new trial that ruling is reversed and the case is remanded for further proceedings.

REVERSED AND REMANDED.

All Justices concur, except CARTER, Le-GRAND, and LARSON, JJ., who dissent.

CARTER, Justice (dissenting).

I dissent.

The exceptions to the application of the statutory marital testimonial privilege have been determined by the legislature and made part of the statute which creates the privilege. Given this circumstance, no other exceptions should be recognized. In the present case, the parties were legally married at the time of the events to which the wife testified, a circumstance which permits the husband to claim the privilege when her testimony is subsequently offered against him.

The statute limits the "crimes against the other" exception contained in subparagraph (1) thereof to "a criminal prosecution for a crime committed one against the other." The prosecution involved in the present case is for a crime committed against Kenneth Zea. Although it may be, as the majority suggests, that in the assault against Zea defendant simultaneously assaulted his wife, that circumstance does not satisfy the requirements of the statute that the testimony be offered in a prosecution for a crime against the wife.

*Peters v. District Court of Iowa,* 183 N.W.2d 209, 211–12 (Iowa 1971) does not support the enlargement of the "crimes against the other" exception which has been applied in the present case. *Peters* held that arson involving the wife's property was a crime against the wife, however, the prosecution in which the testimony was offered in that case was for that crime. Here the prosecution is for a separate and distinct crime. The statutory exception to the privilege does not apply to the present situation. I would affirm the trial court.

LeGRAND and LARSON, JJ., join this dissent.